## POWELL v. THE GOVERNOR, use, &c.

1. An assignment of a breach, in a suit on a sheriff's bond, that lands of the defendant in execution, worth $5,000, were unlawfully, and negligently sold by him, for $303, to satisfy an execution of the plaintiff for $234, besides costs, is bad on demurrer, there being no allegation, that the sale was made on other executions than that of the plaintiff, or that the money was absorbed by senior executions.

2. When a sale is fairly conducted by the sheriff, mere inadequacy of price is not sufficient to subject him to damages. To render him liable, there must be either fraud, or gross neglect, in the performance of his duty, causing injury to the plaintiff, or defendant in execution. Whether a sale at a grossly inadequate price might not, with other circumstances, be evidence of fraud, *quere.*

Error to the Circuit Court of Coosa. Before the Hon. J. D. Phelan.

Debt by the defendant in error, against the plaintiffs in error, sureties of William J. Campbell, sheriff of Coosa county, on his official bond.

Several breaches were assigned, the third of which only need be noticed. It recites, that the sheriff received an execution, which issued in favor of George Patterson, for whose use the suit is brought, against Starke Hobday, for $234, besides costs, returnable to the fourth Monday of March, 1842. That the sheriff levied the execution on real estate of Hobday, of the value of $4,000, and on the first Monday of March, 1842, unlawfully, and illegally, and contrary to his duty as sheriff, sold said land, for a grossly inadequate price, to wit, for $303, when in truth said lands were worth $5,000.

The court overruled a demurrer to this, and other breaches which were assigned, and issue was taken. Upon the trial, it appeared that the sheriff levied the execution on nine hundred and eighty acres of land, as the property of Hobday. That the land was incumbered by a mortgage to the amount of $800 or $900. That the land was sold at a time, when

the creeks were high, and that but four persons attended the sale. The land was sold for $303, on a *venditioni exponas*, issued on another execution. It was proved to be worth from $3,500 to $4,000, and that it might be expected to bring one half its value at sheriff's sale; but there was a difference in the estimates of the witnesses, some valuing it at $3 50, and others at $1 25 per acre.

It was also proved, that the sheriff had other executions in his hands at the time, to the amount of $1,078, all of which were levied on the land, and that he paid the money arising from the sale of the land, to older *liens* than that of the plaintiff's execution. That he subsequently levied on personal property of Hobday, sufficient to discharge all the executions in his hands, and took a forthcoming bond for its delivery. That before the time for the delivery, the sheriff died, and there was no one to receive the property on the day appointed for its delivery, though it was then produced.

Many charges were given, and refused. · The substance of the charges given, is, that if the sheriff sold the land for a grossly inadequate price, he would be responsible to the plaintiff, and that the measure of damages, was the amount due on the execution, if the land should have sold at sheriff's sale for a sum sufficient to pay and satisfy the execution. Further, that if the land should have sold for $4,000, or even $2,500 in cash, and it was sold, on a day when the waters were high, and but four bidders present, for $303, that this was a grossly inadequate price, and they must find for the plaintiff.

The defendants excepted to these charges, and to the refusal to charge the converse of these propositions, and now assign these matters, together with the decision of the court on the demurrer to the third breach, for error.

PARSONS and YANCEY, for plaintiff in error.

1. The land was sold under a *venditioni exponas*, which commands the sheriff to sell "at all events, for the best price he can get." Bac. Ab. tit. Sheriff, N. 6; Viner's Ab. tit. Sheriff, E. I.; Cowper, 405; Lyon v. Ide, N. Chipman's R. 49; 1 D. Chipman's R. 46; 3 Wash. C. C. R. 546.

2. The first charge asked by the defendants, should have

been given—1. Because it meets the case presented by plaintiff in all the breaches. In the first, in which nothing is presented. In the second, because the plaintiff averred that the sheriff did not levy and satisfy said *fi. fa.* when Hobday had sufficient property in the county, and this is fully met in the charge asked, to wit, that the sheriff did levy said *fi. fa.* on property sufficient to bring enough at sheriff's sale, unincumbered by a mortgage, to satisfy the debt, and finding it did not do so, that he on the same day made another levy upon sufficient property to satisfy said debt, and did not sell, because death removed him from the scene, before the sale day.

3. The first charge given by the court, leaves the question of gross inadequacy of price to the jury, to be determined by them. This was a matter of law, to be determined by the court when the facts had been ascertained. Houser & Wilson v. Hampton, 7 Iredell, 336.

W. W. Morris, for the defendant.

1. The breaches assigned in the declaration are good; the demurrers were properly overruled. Gov. use, &c. v. White, et al. 4 S. & P. 441, and cases there cited.

2. The demurrer to the third breach raises the question as to the right of the sheriff to sell property in the manner shown, for a grossly inadequate price, to the damage of plaintiff in execution—this is a good breach. The second and third charges correct under the proof. Gov. use, &c. v. Powell, 9 Ala. 36; Keithly v. Birch, 3 Camp. 521; Phillips v. Bacon, 9 East. 303; Barrard v. Lee, 1 Stark. 287; Rex v. Bird, 2 Shower, 87; Watson on Sheriff, 7 vol. Law Lib. 134.

3. The first charge presents quite a different question to that settled in Gov. use, &c. v. Powell, 9 Ala. 36. On that trial, the bill of exceptions did not show that the land levied on was incumbered by a mortgage. The principle supposed to be settled in that case should rather be restrained than extended. Hallett v. Lee, 3 Ala. 28, decides, that if a sheriff delays sale too late to make the money on a forfeited bond, he is liable—that opinion is adhered to in Gov. use, &c., v. Powell, 9 Ala. 87. There is no difference in principle be-

.tween a levy too late to make the money, and an early levy, and a sale not in time to satisfy the *fi. fa.* If it is a question of intention, why not have permitted the sheriff to have shown, that he had reason to suppose that the bond would not have been forfeited.

4. On the failure, under the facts, to make the money on plaintiff's *fi. fa.* by the date of its return, the liability of the sheriff became fixed, which nothing short of a release can remove. It is no answer to say, that the sale could have been set aside on motion. Levitt v. Smith, et al. 7 Ala. 182.

5. A deed duly recorded is notice to the world. There is no reason for an exception in favor of sheriffs. 1 Story's Eq. § 403; Toulman v. Austin, 5 S. & P. 410; 1 Story's Eq. § 409. Not to charge the sheriff with notice would defeat the mortgage.

DARGAN, J.—The only question we shall notice arising out of the state of the pleading is, the demurrer to the last assignment of the breach of the condition of the bond. This assignment alledges, that an execution issued in favor of George Patterson, (for whose use the suit is brought,) for $234, besides costs, and was levied on the real estate of the defendant in the execution, Hobday, of the value of $4,000, and that the sheriff unlawfully, negligently, and contrary to his duty as sheriff, sold said real estate at a grossly inadequate price, to wit, for the sum of three hundred and three dollars, when, in truth, said lands were worth $5,000; wherefore said plaintiff says he is damaged to the amount of his execution.

It is alledge that the plaintiffs execution was for the sum of $234, besides costs, which amount only to some eight or ten dollars; and also, that the land at the sale brought $303, which is sufficient to pay the execution, and all costs. We cannot see upon what principle the plaintiff can charge the sheriff, for selling the goods of the defendant in execution for a grossly inadequate price, if the sum raised at the sale, is sufficient to satisfy his debt. The receipt of the money by the sheriff, is a satisfaction of his execution, and if his debt is satisfied, he cannot alledge that he has received any injury from the manner in which the sale was conducted.

The demurrer to the last breach should have been sustained. If the sale took place under several executions, and some older than the execution of the plaintiff, which absorbed the whole amount for which the land was sold, this ought to have been averred, but if not averred, it cannot be intended.

The other question we propose to examine, grows out of the bill of exceptions, and is one of novelty and great importance. It is, whether the sheriff is liable in damages to the plaintiff, for selling the land of the defendant in execution, for a grossly inadequate price. This question came before this court in the case of The Governor v. Powell, 9 Ala. 85, but was not decided. And in the case of Powell v. The Governor, 9 Ala. 36, the question, although adverted to, did not directly arise; and therefore the question may be considered as *res integra* in this court.

It is the duty of a sheriff to obey the mandate of the writ, and to execute it in good faith, and if he act honestly, in the discharge of his duty, and in obedience to law, he should be protected by law. If, however, he act dishonestly, or fraudulently in the execution of process, he must be answerable to those who have been injured by such acts. And if he is guilty of gross negligence in the execution of a *fi. fa.*, from which injury has resulted, he ought not to be protected from the consequences of such gross neglect, because he is acting under the mandate of a judicial process. In the case of Lynch v. The Commonwealth, 6 Watts' Rep. 495, a question very similar to the one now before the court arose. In that case, the sheriff had in his hands *fi. fa's*, and also writs of *venditioni exponas*. He had sold the goods of the defendants, and it was contended at a grossly inadequate price. The court say, that in the absence of any directions by the plaintiff in the execution, the sheriff pursues the exigency of the writ—he sells at public auction, and if he is not guilty of fraud, or neglect in relation to the sale, he is not answerable to the plaintiff, although the goods bring an inadequate price. That gross inadequacy of price, may be evidence of fraud, or neglect in the discharge of his duty, but within itself does not give the plaintiff a right of action. How far he might be authorized to postpone a sale, from a regard to the defendant's interest, is another question; but it is clear

that unless he has been guilty of fraud or neglect, he is not answerable to the plaintiff for proceeding merely to sell the goods, as required by the writ, although they bring an inadequate price.

So far as I have been able to examine the English authorities, they do not recognize a different rule. In 1 Starkie's Rep. 43, it is held, that if the sale be fair, the sheriff is not liable to an action, though the property be sold for much below its real value; and I conceive this to be the true principle. It is true, that in 3 Campbell, 521, Lord Ellenborough said, if the goods were really worth £300 or £400, he thought the sheriff would be liable for selling them for £72. But it may be asked why he thought so? Would he have so held, if the proof had fully shown that the sale was fair and *bona fide*, and that the sheriff could not get more. Or did he think so, because the goods were of such a character that they would probably meet with a ready sale, and the price being so grossly inadequate, that it superinduced on his mind the idea of fraud; or that there had been some dishonesty in the sale? If the latter were the ground of his opinion, then there is no conflict between the cases in 3 Campbell and 1 Starkie. But we think the principle declared in 6 Watts is the correct exposition of the law. That before the plaintiff in execution can charge the sheriff in damages for a sale of property, he must show that there has been either fraud or gross negligence in the sale. This principle seems to us peculiarly applicable in reference to real estate. How is the sheriff to know the character of the defendant's title, even if he could ascertain the incumbrances on it by way of mortgage? And when we see the difference in the estimates of value placed on the land sold in this case, by those who live near it, and know it well, we see the difficulty that would result from the rule, holding the sheriff liable for the sale of land, for an inadequate price merely. Whilst, therefore, mere inadequacy of price, when the sale is fairly made, will not subject the sheriff to damages, yet if there was fraud in the sale, or gross neglect, accompanied with injury to the plaintiff in execution, or to the defendant, the sheriff could not shield himself from the consequences result-

ing from such fraud, or neglect, by showing he was guilty of it, in the execution of legal process.

The charge given by the court, at the request of the defendant in error, is erroneous, as it contravenes the view here taken, and proceeds upon the idea, that inadequacy of price, within itself, is sufficient to charge the sheriff with damages, at the suit of the plaintiff in the execution.

Let the judgment be reversed, and the cause remanded.