Nov. Term, 1855.

VANUXEN v. ROSE.

---

## VANUXEN and Another v. ROSE.

In case of the elopement of a wife, the husband will still be liable for necessaries furnished her, until it has become notorious that she has withdrawn herself from his care and protection, or the creditor's knowledge of the fact is proved.

A judgment will not be reversed on account of an erroneous instruction, when it is apparent that the jury were not misled by it, or where it is fully supported by the evidence.

*Tuesday, December* 11.

ERROR to the *Wayne* Circuit Court.

DAVISON, J.—Assumpsit by the plaintiffs in error against the defendant, for goods sold and delivered to his wife. Plea, the general issue. Verdict for the defendant. New trial refused and judgment.

The Court, the evidence being closed, charged the jury that "if the defendant had furnished and was still willing to furnish his wife with necessaries at home, and she voluntarily abandoned him, and left his home without any justifiable cause, and after such abandonment purchased the articles sued for, the plaintiffs can not recover, even if

they were necessaries, upon any presumed assent by the defendant arising merely from the fact that she was his wife; that such a presumption could only arise from cohabitation; and that to entitle the plaintiffs to recover without other authority, they must prove that the parties were living together at the time the goods were purchased." This instruction is alleged to be objectionable. It is said that it was not necessary to prove actual cohabitation at the time of the sale of the goods, if previous cohabitation had been recent, and the plaintiffs had no notice of the separation, or good cause to apprehend that such an event had occurred.

In the abstract, the instruction is not strictly correct. "Until it has become notorious that the wife has withdrawn herself from her husband's care and protection, his liability to engagements for necessaries, will, as it seems, continue. It is incumbent upon him to give particular notice to tradesmen not to give her credit upon his responsibility. The propriety and necessity for such notices are apparent from the usual secrecy attending the wife's departure, and the impossibility of her elopement being generally known until some time afterwards. But proof by the husband of the creditor's knowledge of the wife's departure and living separately from him, will protect him against the demand." 2 *Bright* on Husband and Wife, pp. 13, 14.—*Rutherford* v. *Coxe*, 11 Mis. 347.—*Williams* v. *Prince*, 3 Strobh. 490. The point of objection to the above charge is, that under it the jury were authorized to find for the defendant, though the plaintiffs, when the sale took place, had no notice whatever of the separation. This is not a correct exposition of the law. Still, the instruction, though erroneous, did not mislead the jury. The record professes to set forth all the evidence. We have examined it, and are decidedly of opinion that, prior to the sale of the goods, the plaintiffs had good reason to believe that she had separated herself from the defendant. There was at least enough in the facts within their knowledge at the time of the sale, and in the circumstances under which she purchased, to put them upon inquiry;

and having thus sold the goods to the wife, they are not entitled to charge the husband. The verdict, it seems to us, is right on the evidence. An incorrect charge will not, therefore, be allowed to reverse the judgment.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*O. P. Morton* and *N. H. Johnson*, for the plaintiffs.

*J. Yaryan*, for the defendant.