*R. C. Gregory*, for appellants.

*S. A. Huff* and *B. W. Langdon*, for appellee.

---

## WALLACE *v.* ELLIS.

HUSBAND AND WIFE.—PARENT AND CHILD.—*Liability for Board.*— In an action to recover on an account for boarding the wife and children of the defendant, it appeared in evidence that the plaintiff boarded said wife, who was his sister-in-law, and said children, for a number of weeks, at his home, having contracted therefor with her, and having no knowledge of her separation from her said husband when she engaged board; that said husband and father, during the time of said boarding, resided at a distant part of the State; and that he had a home for his said wife and children and provided for them, and had the home and provisions for them during the time of said boarding, which they did not need, and which was not contracted for or authorized by him.

*Held*, that these facts did not render the defendant liable for the board of his wife or his children.

APPEAL from the Floyd Common Pleas.

DOWNEY, J.—This action was by the appellee against the appellant, on an account for eight weeks board of the wife and two children of appellant, fifty-six dollars.

On the trial on appeal in the common pleas, which was to the court, without a jury, the following was all the evidence: The appellee testified in his own behalf: " I reside at New Albany, Indiana, and during the year 1870 I boarded the wife and two children of the defendant for the period of eight weeks, at my house; it was reasonably worth fifty-six dollars for that time; I contracted with her to board them, but we did not agree upon the price." On cross-examination, he said, "I had no contract with the defendant to board them for that or any other time. Defendant's wife is my wife's sister. I did not know of separation of defendant and wife, when she engaged board of me."

The appellant testified in his behalf as follows: "I am the defendant. During the time the plaintiff speaks of, I resided at Fort Wayne, Indiana. I made no contract with the plaintiff to board my wife and two children, and I never authorized him to board them. They needed none, for I had a home for them and provided for them all myself, and during the time he speaks of I had the house and provisions for them." On cross-examination,, he said, " I had two children. The children would have starved if some one had not provided for them."

All persons supplying the food, lodging, and raiment of a married woman, living separate from her husband, are bound to make inquiries, and they give credit at their peril. If the wife elope, the husband is not chargeable even for necessaries. The very fact of the separation is sufficient to put a person on inquiry. The duties of husband and wife are reciprocal. The duties of the wife, while cohabiting with her husband, form the consideration of his liability. 2 Kent Com. 147, and cases cited. In *Vanuxen* v. *Rose*, 7 Ind. 222, which was for goods sold to the wife, the question turned upon the evidence. The court said: "The record professes to set forth all the evidence. We have examined it, and are decidedly of the opinion that, prior to the sale of the goods, the plaintiffs had good reason to believe that she had separated herself from the defendant.

There was at least enough in the facts within their knowledge at the time of the sale, and in the circumstances under which she purchased, to put them upon inquiry; and having thus sold the goods to the wife, they are not entitled to charge the husband."

In the case under consideration, the evidence shows that the defendant made no contract for the boarding of his wife; that during the time, the defendant had a home and provisions for her and the children at Fort Wayne. The wife, a sister-in-law of the plaintiff, contracted with the plaintiff for boarding for herself and children, without fixing upon any price, and remained in his family as a boarder for eight weeks. He says he knew of no separation of the husband and wife when she engaged board. It does not appear that there ever was any separation by the defendant from his wife, unless it can be inferred from the fact that she and the children were absent from the home in Fort Wayne. It appears rather that she had abandoned her husband and his home. We think the evidence does not show any liability on the part of the husband to pay for the board of the wife, under the circumstances. It is not the policy of the law to encourage the living apart of husbands and wives. The allowance of the claim in this case as a valid demand against the husband would have that tendency. The circumstances were such as to put the plaintiff on inquiry. Such inquiry, if the evidence is true, would have resulted in ascertaining that the defendant was ready and willing to provide for his wife at home.

The age of the children does not appear. If they were adults, the father was not bound by law to support them. If they were minors, still we think the circumstances do not show a right in the appellee to supply them with boarding and charge the appellant. When the father is able, ready, and willing to support his minor children at his home, another can not supply them abroad and charge him, without his assent. Here, as we have said, we think the circumstances were sufficient to charge the plaintiff with the duty

of inquiry, which, in effect, was notice of the facts which an inquiry would have enabled him to ascertain. 2 Kent Com. 192. If a husband living in a state of separation from his wife suffer his children to reside with her, he impliedly constitutes her his agent to order necessaries for the children on his credit. Chit. Con. 167 ; 2 Kent. 192. But the facts proved do not bring the case under consideration within this rule.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

*J. H. Stotsenburg*, for appellant.