No. 12,518.

## WHITE ET AL. *v.* MANN.

PARENT AND CHILD.—*Liability of Father for Debt of Child.*—*Burden of Proof.*
—A father is not liable for a debt contracted by a son or daughter,
residing with him, unless circumstances show an authority actually
given, or legally to be inferred, and the burden of proving such authority
is upon the party seeking to hold him liable.

From the Floyd Circuit Court.

*J. H. Stotsenburg,* for appellants.

*A. Dowling,* for appellee.

ELLIOTT, C. J.—The appellants seek to recover the value
of various articles of apparel furnished to the appellee's
daughter. It appears from the evidence that the daughter
of the appellee was over twenty-one years of age; that she
lived with her father at the time the goods were purchased;
that she had long lived with him; that the appellants were
engaged in the business of selling dry goods, and at the
daughter's request the goods bought by her were charged to
her father. It was also proved that she had, before the pur-
chase of the goods in controversy, bought goods and had
them charged to her father, and that he paid the bills with-
out objection, but the father testified that he had never had
any dealings with the appellants; that he never authorized
his daughter to buy any goods of them; that he did not
know that any bills were being made for her, and had never
authorized her mother or any one else to pay any bills for her.

The appellants' contention is, that the evidence entitled
them to a recovery. The law is undoubtedly against the ap-
pellants upon the question of the father's liability for goods
furnished his daughter. It is said in a standard text-book:
"A father is not bound by the contracts or debts of his son
or daughter, even for necessaries, as a rule, unless circum-
stances show an authority actually given or to be legally
inferred." Schouler Domestic Rel., section 241. This prin-
ciple is recognized and enforced in the case of *Wallace* v.

*Ellis*, 42 Ind. 582. The case is, however, stronger against the appellants than the one referred to, for here the appellee's daughter was of full age.

The question as to whether the appellee made his daughter his agent was one of fact; and that question having been decided against the appellants, we must respect the finding of the trial court, for there is evidence sustaining it. The burden was on the appellants to establish the agency, if one existed, and we do not think it can be justly said that this was done.

It is evident that there can be no estoppel, for there was not knowledge on the one side and ignorance on the other; on the contrary, the evidence shows that the appellee had no knowledge of the purchase made by his daughter.

Judgment affirmed.

