No. 223.

### ELLEBARGER *v.* SWIGGETT ET AL.

PARENT AND CHILD.—*Liability of Parent for Goods Furnished to Child.*— A parent is liable for goods furnished to his child at his instance and request, although the child is of full age.

INSTRUCTIONS.—*Practice.*—Instructions not properly brought into the record by a bill of exceptions, or as provided by sections 533, 535, R. S. 1881, will not be considered on appeal.

From the Henry Circuit Court.

*J. M. Morris,* for appellant.

*D. W. Mason, W. N. Harding* and *A. R. Hovey,* for appellees.

NEW, C. J.—This was an action instituted before a justice of the peace by the appellees against the appellant, to recover the value of goods, wares, and merchandise sold and delivered by the former to the latter.

Before the justice there was a judgment by default against the appellant for $43.60 and costs.

Upon appeal to the circuit court by the appellant, there was a trial by jury, with a verdict and judgment for the appellees in the sum of $50.50.

A motion for a new trial was made by the appellant, which was overruled by the court and an exception saved. The overruling of this motion is assigned as error by the appellant.

The first reason given for a new trial is that the verdict is not sustained by sufficient evidence.

The contention of the appellant's counsel is that most of the goods were furnished by the appellees, not to the appellant, but to his son Charles E. Ellebarger when he was of full age, and that, therefore, as to the goods so furnished, there can be no recovery against the appellant.

The liability of a parent to support his child ceases, ordinarily, when the latter becomes of full age. A parent would not be bound, even by his express promise, to pay for goods

furnished to his child after he became of age and before the making of the promise, unless the goods were furnished at the request of the parent. If furnished at his request he would be bound. 1 Parsons Contracts (5th ed.), 311; *Kernodle* v. *Caldwell*, 46 Ind. 153; *Loomis* v. *Newhall*, 15 Pick. 159. It will be seen from these authorities that although a child is of full age, when goods are furnished to him, a parent will become liable for the price thereof, if they were furnished at his instance and request. This view is not in conflict with the case of *White* v. *Mann*, 110 Ind. 74, and other cases found in our own reports.

This is the theory upon which the appellees sue and claim that they are entitled to recover against the appellant, as it seems to us, from a careful examination of the evidence, as also from the form of the complaint.

There was evidence from which the jury could infer that the goods in controversy were furnished by the appellees to the appellant's son, with the knowledge and at the request of the appellant. That was a question of fact which was decided by the jury against the appellant.

The evidence on that point is conflicting, but we can not for that reason disturb the verdict. It is the province of the jury to weigh the evidence, and judge of the credibility of the witnesses.

One of the specifications of error is that the court erred in giving to the jury, on its own motion, instructions numbered 1, 2, 3, 4, and 6.

Instructions three and six are alone referred to in the brief of counsel for the appellant.

The instructions are not embraced in the record, and, therefore, as to this alleged error, no question is presented for our decision.

Instructions are found in the transcript, but there is nothing to show that they were excepted to, as required by section 535 of the code, nor is it shown that they were signed

by the judge, and filed as a part of the record, as required by section 533 of the code.

In the bill of exceptions we find, in parenthesis, the words " Here insert instructions ;" but the clerk, in making the transcript, omitted to copy into the bill of exceptions, at the point indicated, or elsewhere, the instructions given by the court.

It follows, that the instructions have not been brought into the record either by a bill of exceptions, or as provided by sections 533 and 535 of the code. See the following cases: *Olds* v. *Deckman,* 98 Ind. 162 ; *Cincinnati, etc., R. W. Co.* v. *Lutes,* 112 Ind. 276 ; *Butler* v. *Roberts,* 118 Ind. 481 ; *Van Meter* v. *Barnett,* 119 Ind. 35 ; *Clanin* v. *Fagan,* 124 Ind. 304.

The questions and answers thereto, objected to by the appellant, were not improper. The facts sought to be elicited thereby were in line with the proposition which the appellees were seeking to maintain.

The judgment is affirmed, with costs.

Filed June 9, 1891.