### GOBBER v. EMPTING.

(Supreme Court, Appellate Term. May 4, 1911.)

1. PARENT AND CHILD (§ 3½,* New, vol. 11, Key No. Series)—BURIAL OF CHILD—PARENT'S LIABILITY.

A father is liable for the funeral expenses of his minor child, even though the child, which was only a year old, was living with the mother, who at that time was living apart from her husband.

2. DEAD BODIES (§ 6*)—BURIAL—REASONABLE EXPENSES.

A charge of $85 for the burial expenses of a one year old child is not so excessive, when considered with the father's weekly income of $18, as to warrant the court in interfering.

[Ed. Note.—For other cases, see Dead Bodies, Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Henry D. Gobber against William Empting. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

August P. Wagener, for appellant.
William H. Hatfield, Jr., for respondent.

GERARD, J. Plaintiff, an undertaker, recovered the expenses incurred in burying defendant's infant child, as set forth in two causes of action. One alleged an express contract with defendant, by his wife as his agent, and the other an implied contract, arising from the common-law liability of a father to provide suitable and decent burial for his infant child. The defendant denied the allegations of the complaint, and sets up as a separate defense that his wife had abandoned him, that in a pending separation suit between them the wife was receiving alimony for her support alone, and denying jurisdiction in the courts to determine the question of the legitimacy of the infant child, although the question of legitimacy was not made an issue.

It appears that the child was about one year old, and was residing with the mother, who was residing apart from the defendant. By an

order of the Supreme Court in the pending separation suit, the defendant had been ordered to pay his wife alimony of $6 per week, granted her in that action. The amount claimed by plaintiff for the funeral expenses of the child was $85.50, for which amount he had judgment, with costs. It appears that the defendant earns about $18 a week.

[1] Passing over the question as to whether· the wife was justified in leaving her husband, and as to his liability for the burial as for a necessity for the wife, I think that the husband was liable, on the theory that he is liable for· the funeral expenses of a minor child, and that, if the child is not living with him, any one furnishing a burial for the child can recover from the father the reasonable value of the services and for materials furnished. In his work on·Domestic Relations, Mr. Schouler states the rule as follows (5th Ed., § 242):

"Liability for Minor Child's Funeral Expenses.—A father is in general liable for the decent funeral expenses of his deceased minor child."

· Here the father and mother were living separate and apart. The child of only one year old could not be well separated from the mother. The plaintiff embalmed the body, and commenced his preparations before he knew of the fact that the wife was separated from her husband.

[2] Although the amount of the plaintiff's bill is somewhat large for a man in the circumstances of the defendant, I do not think it so excessive, under all the circumstances, as to warrant the court in interfering therewith.

Judgment affirmed, with costs. All concur.