### Birdsong v. Birdsong.

(Decided November 12, 1918.)

### Appeal from Ballard Circuit Court.

Divorce—Support of Child.—Judgment Refusing Wife Divorce Not Bar to Suit Requiring Husband to Support Child.—Where a wife brought a suit for divorce from the bonds of matrimony and for maintenance for herself and child and the court dismissed her suit for divorce without adjudging the question of maintaining the child, the judgment will not be a bar to a subsequent suit to require the husband to support or contribute to the support of the child.

J. B. WICKLIFFE and J. H. THARP for appellant.

WILLIAM HENDERSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant brought this suit against the appellee, seeking a divorce from the bonds of matrimony, as well as alimony and for the support and custody of their infant child. On hearing the case, the lower court dis-

missed her petition, but allowed her attorney as a fee for his services $30.00 in place of $200.00 that was asked, and from this judgment she prosecutes this appeal, insisting that the divorce should have been granted, alimony awarded, and a larger sum allowed her attorney.

From an examination of the record it appears that there was no substantial ground for divorce shown by the evidence. At times these people did not get along very pleasantly together, and there is some evidence tending to show that the husband was not on some occasions as thoughtful and kind as he should have been, and that at other times and places he made uncomplimentary remarks about his wife, but he testified that he was ready and willing at any time to resume marital relations, and that the little troubles between them were due more to the interference of her mother than to any other cause.

She had no property and he had very little, but when they separated something over two years after their marriage he gave her some live stock, provisions and furniture that he claims she accepted in settlement of her portion of his estate, which, as we have said, amounted to very little. He had a few acres of tobacco that sold for $203.75, and some live stock of small value, and he owed $300.00.

Under the circumstances, and considering the short record, we are inclined to the opinion that the attorney fee allowed was reasonable enough; at any rate, we will not reverse the lower court on this question.

Ordinarily the husband should be charged with the support of his child, even where the wife leaves him without any fault on his part, but the child in this instance is only a few years old, and the judgment in this suit will not bar the wife from bringing another suit, if she so desires and the facts authorize it, to require the husband to support or to contribute to the support of the child.

In closing the opinion we feel tempted to say that the differences between these people are so trifling that there seems no reason why they should not again resume their marital relations.

The judgment is affirmed.