JESSE POTTER BRODERICK, ET AL.
*vs.*
VERE H. BRODERICK

Superior Court          Fairfield County          File No. 55177

**MEMORANDUM FILED FEBRUARY 28, 1939.**

*Moses Merriam,* of New Haven, for the Plaintiffs.

*H. Allen Barton,* of Greenwich, for the Defendant.

O'SULLIVAN, J.  Mrs. Jesse Broderick is the former wife of the defendant.  There are two children of the marriage, Jane and Vere.  Prior to and including a portion of 1935 the family lived at Greenwich in a home owned in common by the defendant and Mrs. Broderick.  Sometime during the month of March, 1935, the former transferred his interest in this property to his wife. A short time thereafter, Mrs. Broderick left Greenwich, taking with her the two children and concealing from her husband her intention of going to Nevada where later she obtained an uncontested divorce decree.  She has since lived at various places in New York State and is now residing in California with her children.  She has an annual income of four thousand dollars derived from valuable real estate in Minneapolis.  The defendant has remarried, is now living in Greenwich, and is employed at Hartford at a salary that nets him approximately $200 a month.

This suit was instituted against the defendant during February, 1938.  Mrs. Broderick and her two children are parties plaintiff and the complaint is in two counts, which appear to furnish an apt illustration of misjoinder but over which no procedural controversy has arisen.  The first alleges that Jane and Vere are the minor children of the defendant, who, while finan-

cially capable of so doing, is not contributing to their support, although they are without means of their own. The second count alleges that Mrs. Broderick has expended large sums for the support of the children, and she seeks to be reimbursed to the extent of two thousand dollars.

The allegations of the first count have all the earmarks of an action brought under the statutes (Gen. Stat. [1930] §1717). At the beginning of the trial, counsel for the plaintiffs, in response to· an interrogatory addressed to him, stated that he claimed relief both under the statute and by any other theory that could be brought within the allegations of the count. He places his reliance under the statute upon *Artman vs. Artman,* 111 Conn. 124. In that case, which was an action brought by the wife of the defendant and their minor son, described as residents of New York, against the defendant, described as a resident of California, the complaint alleged substantially what the first count in the present case sets forth. In discussing the defendant's claim that recovery could not be permitted under the statute as the plaintiffs were nonresidents, the court observed (at p. 128): "The reference in the prayers for relief to the statute in such case provided meant no doubt §1650 [now §1717] of the General Statutes, which provides that whenever any person shall become poor and unable to support himself or herself, and shall have certain relatives, including a husband or father, able to provide such support, they shall provide it, and, if they neglect to do so, a complaint may be brought to the Superior Court of the county in which such poor person resides,' and the court may thereupon make an order that a reasonable support be provided. We do not attach the significance to the phrase as to the Superior Court in which the action is to be brought which the defendant claims. In its earliest form the statute provided that the action should be brought in the county where the relative liable for the support resided and the reason of the change was clearly one of convenience."

But the foregoing was merely dictum and was not the basis of the court's decision, which applied the theory that a right to support, grounded in equity and personal in nature, justified an order to support, even though the plaintiff was a nonresident. The dictum, it seems to me, cannot be supported. The history of the statute from its earliest form of enactment in 1699 until the present time warrants the conclusion that its purpose was to protect the public purse rather than to provide

a personal right in a poor person. This is recognized in *Belden vs. Belden,* 82 Conn. 611, a case involving an interpretation of the statute in question. "The defendant is correct in his contention", runs an excerpt from the opinion (at p. 613), "that the statute....is one designed for the protection of the public interest, and not for the enforcement by a wife of her marital rights of support and maintenance. For the latter purpose other methods are provided....It [the statute] seeks rather to secure, to persons unable to support themselves, a proper support....through the medium of contribution from others, brought by statute under the duty of making that contribution by reason of some relationship, and thus to protect the public purse from demands upon it which would otherwise result." Under the statute adopted and preserved during its long existence for the purpose above stated, it seems to me perfectly obvious that no rights are available to a poor person who is a nonresident. The complaint of one who has a conferred right must be brought to the Superior Court of the county where he resides. If he is a nonresident, no township is concerned with his financial support, and if this occurs, the reason for extending his right to sue his relatives disappears. Therefore, the statute *ex proprio vigore,* extends only to the state line.

Nor is it possible to classify these children as poor persons. While it appears they are without cash or property resources, they may look to their mother as well as their father for the necessaries of life. As the former is well able to support them, and as they have a right to rely on her resources for that support, they should not be deemed "poor persons" within the meaning of the statute in the light of the circumstances of this case.

Hence, it seems to me, the complaint does not support a right of action under the statute. Whatever right these minors possess emanates from the equitable power of a court to enter a decree for maintenance. This right is very generally, though not universally, recognized in this country. *Artman vs. Artman, supra.* This right is personal in its nature and so far transitory that it may be maintained in Connecticut, if the father lives here or, lacking that condition, if any property of his is subject to the jurisdiction of the court.

As the defendant is a resident of the state, the minors have the right to proceed against him in equity unless some other rule stands in the way. In many states the authorities hold

that if a wife leaves her husband without his assent, or without sufficient justification, taking their minor children with her, the father is not liable for necessaries furnished the children by the mother. *Johnson vs. Coleman,* 13 Ala. 520, 69 So. 318; *Schnuckle vs. Bierman,* 89 Ill. 454; *Wallace vs. Ellis,* 42 Ind. 582; *Baldwin vs. Foster,* 138 Mass. 449; *Hyde vs. Leisenring,* 107 Mich, 490, 65 N. W. 536; *Assman vs. Assman,* 192 Mo. App. 678. There are cases to the contrary. *Maschauer vs. Downs,* 53 App. D. C. 142, 289 Fed. 540; *Gill vs. Read,* 5 R. I. 343; *Birdsong vs. Birdsong,* 182 Ky. 58, 206 S. W. 22; *Gobber vs. Empting,* 72 Misc. (N. Y.) 10, 129 N.Y.S. 4.

The validity of the Nevada decree is not in issue and full faith and credit must accordingly be extended to it. The Nevada court caused its decree to be entered for reasons which make inapplicable the above rule upon which the defendant relies to escape contributing to his children's upbringing. *See, also, Shields vs. O'Reilly,* 68 Conn. 256. Accordingly, the children have a right to seek support in equity. Considering all the factors involved in the case, the sum of $30 a month is a fair and equitable amount which the defendant should contribute to his children's support. In view of the equitable nature of this order, the defendant will be required to make these payments beginning on April 1, 1939.

The second count is strictly one at law, namely, to recover such sums as Mrs. Broderick has expended for the support of the children. The evidence on the issues raised by this count is extremely unsatisfactory. The sums claimed to have been spent are obviously estimates at best and represent what Mrs. Broderick, with a four thousand dollar annual income, deemed essential for the children's support.

The primary duty to rear the children rests on the defendant but the extent of his liability is limited to what is reasonable in view of his circumstances. Obviously, as the defendant was a man of circumscribed means, he could not be ordered to contribute to the extent that would be imposed upon one with an annual income of four thousand dollars. The full measure of his duty would be met if he had contributed what was reasonable in the light of his circumstances, not those of Mrs. Broderick. Taking all factors into consideration, it is reasonable to conclude that since 1935 the amount of the expenditures made by the plaintiff for which the defendant should be held liable is twelve hundred ($1200) dollars. I do not believe, however,

that he should be held to respond to any such sum, because of the fact that he turned over to his then wife property greatly in excess of this sum. But as the count alleges a legal cause of action judgment will necessarily follow unless a counter-claim or defense is set forth, reciting the history of events leading up to the acquisition of the properties by the plaintiff in 1935.

Accordingly, this memorandum is filed as a preliminary one. If counsel for the defendant desires to plead further he may do so within one week thereof.

The plaintiff may then have one week in which to answer or reply and if there be need of further evidence, counsel will then consult with the court for an available opportunity. Until further order no judgment is to enter.