Bennett *v.* O'Fallon.

---

BENNETT *v.* O'FALLON, EX'R. OF STOKES.

1. After a decree for alimony, the husband is not chargeable for debts contracted by the wife.
2. Persons dealing with a married woman, who lives separate and apart from her husband, do so at their peril.

ERROR from the St. Louis Circuit Court.

WASH, J., delivered the opinion of the Court.

This was an action of assumpsit brought by Bennett against the defendant as executor of Stokes, to recover the value of goods sold to the wife of Stokes, and for her board and lodging. The bill of exceptions states that it was proved on the part of the plaintiff that Marianne Stokes was the lawful wife of said testator. That said testator came to the Territory of Missouri in the year 1819: that his wife came to to the State of Missouri early in the year 1821: that said testator, on her arrival, refused to acknowledge her as his wife, and denied her all means of support: that said plaintiff furnished her with board and lodgings for three months in said year, ending on the 25th of September: that afterwards, on the 21st October, in said year, said plaintiff sold to her a variety of household articles, amounting to the sum of two

Bennett v. O'Fallon.

hundred and sixty-five dollars : which articles were not delivered until the month of November following.

Upon the part of the defendant, it was proved, that in the year 1821, said Marianne brought suit against her husband for a divorce *a mensa et thoro*, and such proceedings were therein had, that on the 9th day of October, in the year 1821, it was decreed by the Circuit Court of the county of St. Louis, that said testator should pay to the said Marianne, the sum of eight hundred dollars per annum during the pending of said suit, to be paid in quarterly instalments of $200 each, the first instalment to be paid on the 1st day of November then next following, which was paid.

Upon this state of facts, the cause was submitted to the Court setting as a jury, who gave judgment for the sum of fifty-two dollars eighty-seven and a half cents, the (70) amount of boarding furnished to said Marianne ; and as to the other sum of two hundred and sixty-five dollars, the Court did declare its opinion to be that the articles furnished by the plaintiff to the wife of Stokes were necessaries, but that in consequence of the decree for alimony aforesaid, the said testator was not liable therefor. To reverse this judgment, the plaintiff now prosecutes his present writ. The only question raised, is, whether the executor of Stokes is liable for the articles sold by Bennett to his (Stokes') wife. For the plaintiff it has been urged, that Stokes' wife had as much right to charge her husband for necessaries, after the decree, and before the payment of the instalment, as before the decree.

That the wife was not liable, (see 5 *Term Rep.*, 679,) and unless the plaintiff could make the husband pay, (in such a case,) he would be without remedy. The case in 11 *Johns. Rep.*, 281, M'Cuthen v. M'Gahay, is a full answer to this argument, and lays down the law correctly.

A person who deals with a married woman living separate from her husband, is bound to make inquiries and ascertain whether, under the circumstances, her husband will be chargeable for the articles furnished. He gives her credit at his peril. The very object of the decree for alimony, is to furnish the wife with necessaries, and the Court will take care that it be made effectual for that object, and suited to the condition of the parties.

By the decree, the husband is charged directly with the due maintenance of his wife; to make him responsible to persons with whom she might afterwards deal, would be to charge him indirectly for the same object.

The judgment below must be affirmed with costs.