56  229
68  261

SIGOURNEY M. BURNHAM *vs.* ARTHUR SHERWOOD.

Fairfield Co., March T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Where a seller warrants a horse to be sound so far as he knows, it is necessary, in a suit on the warranty, to prove not only that the horse was not sound, but that the defendant knew it.

The court is not bound, upon the request of a party, to charge the jury as to the law upon a state of facts that is merely hypothetical.

Where the question is as to the ability of a witness to hear a certain sound if it had been made, it is not a ground for a new trial if the witness is allowed to give his opinion that he should have heard it if it had been made, where the distance and all the other circumstances are stated.

And held that where a witness was allowed to give such opinion in his examination in chief, and on cross-examination stated all the circumstances fully, the admission of the opinion in the first instance was not a sufficient ground for granting a new trial.

[Argued April 10th—decided May 25th, 1888.]

ACTION on a warranty of a horse sold ; brought to the Court of Common Pleas in Fairfield County, and tried to the jury before *Hall*, *J.* Verdict for the plaintiff, and appeal by the defendant for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*R. E. DeForest* and *G. Stoddard*, for the appellant.

*E. W. Seymour*, with whom was *J. B. Hurlbutt*, for the appellee.

PARDEE, J. On May 2d, 1887, the defendant sold a mare to the plaintiff for $600, and the present action is brought upon a warranty of the mare in the sale.

The second paragraph in the third count in the complaint is as follows : " The defendant to induce the plaintiff to so buy said mare and pay him said sum therefor, declared to the plaintiff that said mare was sound and right in every particular and free from all blemishes so far as he, the defendant, knew, and was a suitable horse for a lady to drive, and very fast, and had, when three years old, trotted a mile in two minutes and fifty-eight seconds on his, the defendant's, track."

The second paragraph in the defendant's answer to the foregoing is as follows : " The defendant admits that he said to the plaintiff that the mare was sound and right in every particular and free from blemish as far as he, the defendant, knew, that she was a suitable horse for a lady to drive, and, that she had trotted on the defendant's track in two minutes and fifty-eight seconds. The rest of paragraph two is denied."

It appears by the finding that no evidence was offered of any other warranty.

The plaintiff complains of the omission of the court to charge in accordance with his fifth and sixth requests. The first of these is as follows :—That if by any artifice, representation, or concealment, Sherwood intentionally led Burnham to believe that the mare was sound and right in every

particular and thereby to purchase her, when in fact said mare was not sound and right in every particular, then the plaintiff was entitled to recover damages in this action.

And the other is as follows:—That if Sherwood at the time of the sale informed Burnham that the mare was sound and right in every particular *so far as he knew*, believing that Burnham would rely upon that statement in making the purchase and intending to have him believe that said mare was sound and right in every particular and therefore to purchase her, and Burnham thereupon by reason of said statement believed the mare was sound and right in every particular and did in consequence purchase her and pay for her the sum of six hundred dollars, that that constituted a warranty that the mare was sound and right in every particular, and that if such warranty was made and was untrue and said mare was not sound and right in every particular, then said warranty was broken and the plaintiff could recover damages in this action.

The court had already charged the jury as to what constituted a warranty in such a case, and in a manner which must have been satisfactory to the plaintiff, as the judge adopted in full his own request upon the subject.

But the case is taken out of the ordinary definition of warranty in such a case by the qualification that the horse was sound so far as he, the defendant, knew. That this was the exact form of the warranty is clear. It appears by the finding that the plaintiff testified to the representation of the defendant as in that form, and that " the plaintiff offered evidence of no other warranty." And the judge said in his charge to the jury that " there seemed to be no dispute whatever, from the testimony of both parties, but that the warranty was that the horse was sound and right in every particular, so far as the defendant knew."

The whole case was therefore affected by this qualification of the warranty, and the judge very properly charged the jury that " to prove a breach of the warranty that the horse was sound and right in every particular so far as the defendant knew, required not only proof of the existence of

the claimed disease or defect, but of the defendant's knowledge of its existence."

To meet this stress of his case the plaintiff now claims that the court erred in not charging that if the defendant qualified his warranty in this way with the intent to make the impression on the plaintiff that the horse was really sound, while retaining his chance to evade responsibility through his qualification of his warranty; in other words, that if he meant to keep within the line of formal truth, but by artifice to make his statement have all the effect on the plaintiff's mind that a positive falsehood would have had, then the plaintiff has made out his case without proving actual knowledge of the horse's defects on the part of the defendant.

The law as thus claimed by the plaintiff is undoubtedly sound. But there are two answers to his claim for a new trial on the ground of the omission of the court to charge in precise accordance with his request.

One is that the court had substantially covered the ground by its statement that any representation or affirmation whatever as to the condition of the thing sold that the seller intended that the buyer should rely upon as a fact, is a warranty. Surely, if the jury could see that the defendant under cover of a qualified representation was yet making one that he intended the plaintiff to take as an unqualified and positive one, we might trust their common sense to apply to the case the general principle so clearly laid down by the judge. It seems impossible that they can have been misled by the omission of this particular instruction.

The other answer is this: There seems to have been no evidence whatever that the defendant was resorting to any such artifice, or that he was qualifying his representation in any covert or intentionally misleading way. The case becomes, so far as this point is concerned, a mere hypothetical one, of which a court is not bound to take any notice in its instructions to the jury.

The plaintiff claimed and offered evidence tending to prove that Duroc, the sire of the mare, had been affected by

the disease known as chronic roaring, and that she inherited it. The defendant offered as a witness one James Lewis, a trainer and driver of trotting horses, who testified that he had knowledge of Duroc, and of the disease, and that he had seen Duroc trot in races in which he had driven another horse, and that Duroc did not roar on that occasion.

The defendant asked the witness if he would have heard if the horse had roared. The court permitted the question, notwithstanding the objection of the plaintiff. The witness, upon cross-examination by the plaintiff, stated his distance from Duroc on these occasions and all circumstances bearing upon the question as to the possibility of hearing. This ruling of the court is another reason assigned for the plaintiff's appeal.

The result of the entire examination was that the witness put the jury in possession of every fact as to time, place, distance and sound, which could aid them in determining, without his opinion, whether he could or could not have heard the sound of chronic roaring if it had been made.

The real violation of the spirit of the law of evidence in this matter would have been by permission to the witness to state his opinion and withold the accompanying facts.

This court permits unskilled witnesses to state to the jury the height and construction of a dam, the size of the stream, and all other pertinent facts, and to add an opinion whether the dam was capable of detaining the water suddenly accumulated upon it in a freshet; also, the conduct, appearance and speech of a man, and add an opinion as to his sanity.

In *Butler* v. *Cornwall Iron Co.*, 22 Conn., 335, the plaintiff testified that he assisted in the construction of a waterwheel. The defendant offered a witness who testified that he assisted in the construction of the same wheel, and that the plaintiff did not. The defendant asked the witness if he would have seen the plaintiff if the latter had worked upon the wheel. The triers excluded the question, and this court approved of the ruling. Of course it is practically impossible that two men working at the same time upon the same

water-wheel should not see each other. By no possibility could the answer add anything to what had been said.

In the case before us the witness estimated to the jury the distance between himself and the horse in feet or rods ; he estimated it also by another standard, namely, that it was so short that a sound, well known to the jurors, would pass over it. There can be no reasonable ground for the belief that the addition misled the jurors to the prejudice of the plaintiff. The possession by them of all facts is his sufficient protection.

In *Renwick* v. *N. York Central R. R. Co.*, 36 N. York, 132, a passenger in a railway car testified that he did not hear bell or whistle upon the engine at a specified place. He was asked if he could have heard if either had sounded. He answered in effect that he thought he could. A majority of the court approved the answer, for the reason that in reality the inquiry was whether the witness was so situated as that he could have heard, and in that point of view was admissible.

When therefore the question is as to the ability to hear a sound if made, it is not a cause for a new trial if to all the facts the witness adds his opinion.

There is no error in the rulings complained of.

In this opinion the other judges concurred.