# Johnson v. Coleman.

### *Assumpsit.*

(Decided June 8, 1915.   69 South. 318.)

1. *Husband and Wife; Liability of Husband; Necessaries.*—Medical services are necessaries within the rule making the husband liable for necessaries furnished his wife, although the husband did not call in the physician, and notwithstanding the call was against his consent and over his objection.

2. *Same; Abandonment.*—If the wife abandons his home and refuses to live with him through no fault of the husband, the husband is not responsible for her necessaries on any theory of an implied request, or of implied agency of the wife to bind the husband.

3. *Same; Implied Authority of Wife.*—The mere fact that a wife is living apart from her husband is sufficient notice to those dealing with the wife to put them on inquiry and advise them that they credit the wife at their peril insofar as the liability of the husband is concerned, in cases of separation the presumption being that the husband is not liable for necessaries furnished to the wife, thus placing the burden of proof on the parties furnishing such necessaries to show that such separation is due to the fault or misconduct of the husband.

[Johnson v. Coleman.]

4. *Same.*—Where, without his consent, and without fault on his part, a wife voluntarily abandons her husband, and went to live with her father, and within three and a half months thereafter, was in need of a physician, the physician being called in to attend her without the consent of the husband, and without his authority, the husband was not liable for the reasonable value of the physician's charges on the theory that under the circumstances they were not rendered exclusively for the wife's benefit, but for the preservation of the life of defendant's child, since a husband is not liable for the support of his minor children, where the wife leaves him without cause, taking the children with her.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by L. S. Coleman against B. L. Johnson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

WALTER NESMITH, and W. L. THOMPSON, for appellant.

KELLY & YOUNG, for appellee.

THOMAS, J.—(1) Medical services are necessaries within the contemplation of the rule making the husband liable for necessaries furnished to the wife, and when such services are necessary the husband cannot escape liability therefor by showing that he did not call in the physician, or even that the physician was called in against his consent and over his objections.—*Cothran v. Lee,* 24 Ala. 380.

(2) If, however, through no fault of the husband, the wife abandons his home and refuses to live or cohabit with him, he is not responsible for her necessaries, unless expressly requested by him; and persons furnishing her with the same under such circumstances cannot, upon any theory of an implied request or of implied agency of the wife to bind the husband, collect from the husband.—*Bridley v. Bridley,* 121 Ala. 432, 25

South. 751; *Grantland v. State,* 8 Ala. App. 321, 322, 62 South. 470.

(3) And the mere fact that the wife is living separate and apart from her husband is sufficient notice to the public, who may deal with her, to put them on inquiry and to advise them that, so far as the liability of the husband is concerned, they credit the wife at their peril, since the law is that in cases' of separation, the presumption is that the husband is not liable, placing the burden of proof on the party furnishing the necessaries to show that the separation has taken place under such circumstances as will render the husband liable; that is, has taken place as a result of his cruelty, violence, abandonment, or other misconduct or fault on his part. —21 Cyc. 1223-1225; *Grantland v. State, supra; Zeigler v. David,* 23 Ala. 137; *Brindley v. Brindley, supra.*

(4) The case at bar was a suit by a physician against the husband for $10 as the reasonable value of professional services rendered the wife during childbirth, it appearing without dispute in the evidence that 3½ months before the services were rendered the wife voluntarily abandoned the husband against his consent and without fault on his part, so far as appears, and had ever since lived separate and apart from him at the home of her father, where she was at the time she gave birth to the child, and where at such time the plaintiff physician was called in over the telephone by some one at the house—not the husband—to minister to her needs. There is no dispute but what the services were necessary, nor but what $10, the amount recovered, was the reasonable value thereof, nor but what the husband was the father of the child delivered, nor but what the physician had not heard of the separation before the time he was called in. The sole insist-

[Johnson v. Coleman.]

ence of the husband was and is that he is not liable for the physician's fee on account of the fact that the wife had, at that time, abandoned him and was then living apart from him, over his objection and through no fault of his own.

The authorities cited uphold, as conceded by plaintiff's counsel, this view, and he admits that if the services here sued for had been such that it could be said that they were rendered exclusively for the wife's benefit, the contention of appellant's counsel as to the nonliability of defendant would then hold good; but he, plaintiff's counsel, insists that where, as here, the services were equally as necessary to the preservation of the life of the child, defendant's own offspring, as of that of the wife, its mother, then that defendant is liable, not, however, upon any theory of liability for necessaries furnished his wife, who had abandoned him, but upon the theory of his liability for necessaries furnished his child. In answer to this contention we quote from 29 Cyc. 1607, where the authorities in support thereof are collated in the notes, as follows: "The husband remains liable for the support of his minor children where he and his wife voluntarily separate, or where he consents to the children living with the mother, or where the wife leaves him for good cause; but it is otherwise where the wife leaves without cause, taking the children with her."—*Sheilds v. O'Reilly*, 68 Conn. 256, 36 Atl. 49; *Baldwin v. Foster*, 138 Mass.. 449; *Hyde v. Leisenring*, 107 Mich. 490. 65 N. W. 536; *Weeks v. Merrow*, 40 Me. 151; *Gotts v. Clark*, 78 Ill. 229; *Kelly v. Davis*, 49 N. H. 187, 6 Am. Rep. 499.

It follows that the judgment for the plaintiff must be reversed, and the cause remanded.

Reversed and remanded.