### MASCHAUER v. DOWNS et al.

(Court of Appeals of District of Columbia. Submitted March 7, 1923. Decided May 7, 1923.)

No. 3886.

1. **Pleading ⟐⟑157—Allegations that separation was due to wife's misconduct and her custody of children wrongful held conclusions.**

In an action for necessaries furnished to defendant's wife and children, allegations in the affidavit of defense that the wife was living apart from her husband as the result of her misconduct and had the wrongful custody of the children were mere conclusions, and did not satisfy the requirement of the seventy-third rule that defendant must specifically state in precise and distinct terms the ground of his defense.

2. **Pleading ⟐⟑348—As against motion for judgment, affidavit of defense held to allege separation of wife and furnishing of necessaries on her credit.**

An affidavit of defense, alleging that defendant's wife was living separate and apart from him, of which fact plaintiffs had notice when they furnished supplies to her, that the wife had no authority to pledge the husband's credit, and that plaintiffs furnished the supplies on the credit of the wife, sufficiently raised questions of fact as to whether the wife and children were living apart from defendant, and whether the supplies were furnished on the wife's credit, so that judgment against defendant for the insufficiency of the affidavit of defense was erroneous.

3. **Husband and wife ⟐⟑232(1)—Party charging husband with necessaries furnished wife during separation must prove want of fault by wife.**

Where a wife has left her husband, the burden is on those seeking to recover from him for necessaries furnished to her to prove either that she lived apart from him by mutual consent, or that the separation was occasioned by default or misconduct of the husband.

4. **Husband and wife ⟐⟑232(1)—Party furnishing necessaries to wife must prove they were furnished on husband's credit.**

Where a person is justified in supplying a wife with necessaries, the credit must be extended to the husband, not to the wife, in order to charge the husband therefor, and the burden of showing it was extended to him rests on the party furnishing the necessaries, though direct proof of that fact is not essential.

5. **Parent and child ⟐⟑3(1)—Father is liable under implied agency for necessaries furnished to child.**

A father is liable for necessaries furnished to a child, which he has failed to support, on the theory that, if he leaves him destitute, he confers on any one who finds him in that condition an agency to give him what he needs.

6. **Parent and child ⟐⟑3(1)—Father not liable for necessaries furnished child who willfully leaves him.**

The implied agency entitling a person furnishing necessaries to a child to recover from the parent arises only where the father refuses or neglects to perform his duty, so that the father is not liable for necessaries furnished to a child who has left home to make his own living or to escape parental discipline.

---

⟐⟑For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7. Parent and child ⊜⇒3(1)—A father is liable for necessaries furnished to infant whom he allowed deserting wife to keep.**

> Where a father of two children of tender years permitted their mother, who had deserted him, to retain custody of the children without any attempt to regain such custody, the fault of the mother cannot be imputed to the children, and the father is liable for necessaries furnished to the children.

Appeal from the Supreme Court of the District of Columbia.

Action by Ella Downs and another against George W. Maschauer to recover for necessaries supplied to defendant's wife and children. Judgment for plaintiffs, and defendant appeals. Reversed.

J. H. Bilbrey and P. B. Morehouse, both of Washington, D. C., for appellant.

Walter B. Guy and Frederic B. Warder, both of Washington, D. C., for appellees.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. Appellees, as plaintiffs, brought action against Maschauer to recover from him $4,120 for necessaries supplied to his wife and children between March 10, 1915, and March 10, 1917, and to the children from March 10, 1917, to July 10, 1921. They alleged that the wife and children were in destitute circumstances at the times mentioned, that the goods were supplied at the special instance and request of the mother, that the things furnished were in keeping with the station in life of the mother and children, and that the price charged therefor was reasonable.

Under the rules of the trial court the plaintiffs filed an affidavit of merit, which epitomized the allegations of the declaration. Defendant demurred to the declaration. His demurrer was overruled, and he then filed a plea, in which he denied that he was indebted to the plaintiffs. Immediately afterwards he filed an affidavit of defense, charging, first, that between March 10, 1915, and October 14, 1918, his wife was living separate and apart from him as the result of her misconduct, and on the latter date they were divorced; second, that she wrongfully had custody of the children on March 10, 1915, and so continued in the wrongful custody of the children up to the time of the bringing of this suit; and, third, that at all the times mentioned in the declaration plaintiffs had knowledge of the facts just related, and also that Mrs. Maschauer had no authority, either express or implied, to pledge his credit for anything; that plaintiffs did not furnish his wife or his children anything whatever upon defendant's credit; and that if they actually furnished the supplies as alleged in the declaration, they did so on the credit of the wife and not on that of the defendant. Plaintiffs moved for judgment under the seventy-third rule, on the ground that the affidavit of defense was insufficient. The motion was sustained, and judgment entered for the amount prayed for, with interest.

[1] We think the allegations of the affidavit of defense, that the wife was living apart from her husband as the result of her miscon-

duct and had the wrongful custody of the children, were mere conclusions and did not satisfy the requirement of the seventy-third rule, which says that the defendant must specifically state in precise and distinct terms the grounds of his defense. If he had set up the facts upon which he based his conclusions of misconduct and wrongful custody, the court might have ruled that they were not sufficient to support the conclusions.

[2] The affidavit, however, alleges with sufficient definiteness that the wife and children were living apart from Maschauer, that the goods were furnished upon the wife's credit and not upon that of the husband, and that these facts were known to the plaintiffs at the time they supplied the goods. These allegations raised questions of fact which, since they were material to the right of the plaintiffs to recover, as shall appear in a moment, should have been submitted to a jury for its determination.

[3] It seems to be well settled that where the wife deserts the husband, the burden is upon those who seek to recover for necessaries furnished to her to allege and prove either that she lived apart from him by mutual consent, or that the separation was occasioned by the fault or misconduct of the husband. Constable v. Rosener, 82 App. Div. 155, 81 N. Y. Supp. 376, affirmed 178 N. Y. 587, 70 N. E. 1097; Cunningham v. Irwin, 7 Serg. & R. (Pa.) 247, 10 Am. Dec. 458, note 464; Bergh v. Warner, 47 Minn. 250, 50 N. W. 77, 28 Am. St. Rep. 362; Catlin v. Martin, 69 N. Y. 393; Brown v. Mudgett, 40 Vt. 68, 71, 72; Sturtevant v. Starin, 19 Wis. 285. A husband who is able, ready, and willing to support his wife, and who gives her no just cause to abandon him or leave his bed and board, cannot be compelled to support her elsewhere than at his own house, if he has one. His liability for necessaries provided by other persons for her support rests entirely upon the ground of his neglect or default.

[4] Where a person is justified in supplying the wife with necessaries, the credit must be extended to the husband, not to the wife, and the burden of showing that it was extended to him rests upon the party furnishing the necessaries. Harttmann v. Tegart, 12 Kan. 142; Brown v. Mudgett, supra. Direct proof that they were so furnished is not essential. It has been held that billing the necessaries to the wife is not fatal to the claim of those who supplied them. Ott v. Hentall, 70 N. H. 231, 235, 47 Atl. 80, 51 L. R. A. 226. The circumstances under which they were supplied may be sufficient to establish that credit was extended to the husband and not to her. See Dodge v. Knowles, 114 U. S. 430, 435, 5 Sup. Ct. 1197, 29 L. Ed. 144 et seq.

[5] At one time in the remote past it was held that there was no legal obligation resting upon a father to support his children. Hunt v. Thompson, 3 Scam. (Ill.) 179, 36 Am. Dec. 538; Freeman v. Robinson, 38 N. J. Law, 383, 20 Am. Rep. 399. But that view has long since been abandoned. Dunbar v. Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084; Porter v. Powell, 79 Iowa, 151, 44 N. W. 295, 7 L. R. A. 176 and note, 18 Am. St. Rep. 353. The authorities, however, are not agreed as to the principle upon which a father can be held liable. The best reasoned decisions favor the theory that, if he leaves his chil-

dren destitute, he confers on any one who finds them in that condition an agency to give them what they need. 20 R. C. L. 624; Van Valkenburgh v. Watson, 13 Johns. (N. Y.) 480, 7 Am. Dec. 395; Owen v. White, 5 Port. (Ala.) 435, 30 Am. Dec. 572; Porter v. Powell, supra; Finn v. Adams, 138 Mich. 258, 101 N. W. 533, 4 Ann. Cas. 1186.

[6] This agency arises only where the father refuses or neglects to perform his duty. If a child leaves his parents' house for the purpose of seeking his fortune in the world, or to avoid the discipline and restraint so necessary for the proper regulation of families, a person furnishing him necessaries could not recover from the father, for in such case the law would not imply an agreement to pay on the part of the latter. Shields v. O'Reilly, 68 Conn. 256, 261, 36 Atl. 49; Hyde v. Leisenring, 107 Mich. 490, 493, 65 N. W. 536; Weeks v. Merrow, 40 Me. 151.

[7] When we come to consider the liability of the father where the mother, without just cause, departs from his home and takes with her children of tender years, who are incapable of deciding for themselves what course they should pursue, the question is more difficult of solution. There are many decisions to the effect that in such a case the father cannot be held responsible for necessaries supplied to the children. Shields v. O'Reilly, supra, and Hyde v. Leisenring, supra. We think, however, that it would be a harsh rule to impute to such children the wrongful conduct of the mother. The Supreme Judicial Court of Massachusetts, in an opinion by Mr. Justice Holmes, in Baldwin v. Foster, 138 Mass. 449, approved an instruction to the effect that in such a case, if it appears that the defendant voluntarily and knowingly suffered the children to live apart from him with his wife and made no provision for their support, the jury might infer, in the absence of proof to the contrary, that the defendant made her his agent to contract for necessaries and was liable to third persons who supplied such necessaries in good faith on his credit. To the same effect see Rumney v. Keyes, 7 N. H. 571, 580; Zilley v. Dunwiddie, 98 Wis. 428, 74 N. W. 126, 40 L. R. A. 579, 67 Am. St. Rep. 820, and McGoon v. Irvin, 1 Pin. (Wis.) 526, 532, 44 Am. Dec. 409.

The children in the case before us were minors of tender years. The youngest was 4; the oldest 11. We do not think the conduct of the mother, if improper, should be charged to them. If the father, knowing that they were destitute, refused to support them, and the plaintiffs supplied them with necessaries on his credit, he is liable.

For the reasons given, the judgment is reversed, with directions to grant a new trial in accordance with the views herein expressed, appellee to pay costs.

Reversed.