HENRI BENDEL, INC., Plaintiff, *v.* MARY NEWCOMB EDESON, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, May 18, 1925.

**Husband and wife — action to recover for wearing apparel furnished defendant — defendant, though admitting she selected merchandise and directed it to be charged to her, claims articles were necessaries for which her husband is liable — fact that account book shows account in defendant's name indicative that credit was given her rather than to her husband — articles furnished on defendant's credit and she is liable.**

Defendant is liable in an action to recover the purchase price of wearing apparel furnished her, where it appears that plaintiff's account book shows an account in defendant's name, and that she selected the merchandise and directed that it be charged to her. The fact that the articles were necessaries does not make defendant's husband liable and relieve defendant from liability, since there is nothing to indicate that the merchandise was supplied to the defendant on her husband's credit.

ACTION for purchase price of wearing apparel furnished defendant.

*Kamen & Ostertag* [*Sol. S. Ostertag* of counsel], for the plaintiff.

*House, Grossman & Vorhaus* [*Leo J. Rosett* of counsel], for the defendant.

LAUER, J.:

The plaintiff seeks to recover $878 for goods, consisting of gowns and hosiery, sold and delivered to the defendant.

The defendant defends upon the ground that the goods were necessaries supplied to her during the time when she and her husband were living together. The defendant maintains that her husband, and not she, should pay the plaintiff's bill. The defendant testified that she went to the plaintiff's place of business, selected the merchandise and told the salesgirl to " charge it to me." The merchandise was thereafter sent to the defendant at the residence at which both the defendant and her husband at that time resided.

The difficulty with the defendant's position is that it does not appear that the merchandise was supplied to the defendant on the credit of her husband. The uncontradicted evidence is that the merchandise was supplied on the credit of the defendant, the wife. She did not say, when making the purchases, " charge it to my husband," but, on the contrary, admits that she said " charge it to me," and the account on the plaintiff's books appears to have been run in the name of " Mrs. Robert Edeson," in which form the orders were taken and bills made out. The fact that the account was kept in the name of the wife and bills sent to her does not establish as a matter of law that the credit was given exclusively to the wife. It remains a question of fact. However, the fact that the books show the account in the name of the wife is certainly strong evidence that the credit was given to her and not to her husband. The evidence in the present case to my mind is irresistible that it was upon her credit and not upon her husband's that the merchandise was sold and delivered to her.

The fact that the account appeared in the name of " Mrs. Robert Edeson " and not in the name of " Mary Newcomb " or " Mary Newcomb Edeson," the defendant being an actress and being known on the stage as " Mary Newcomb," does not seem to me to be consequential. I do not discover in this any intention to look to *Mr.* Edeson rather than to the defendant as the primary obligor for the merchandise ordered by and delivered to her. I have heard of recent movements to have women continue after marriage the use of the name given to them and used by them until their marriage. The practice, however, still prevails generally for a woman, upon her marriage, to assume the name of her husband.

The defendant was *Mrs. Robert* Edeson according to general usage, despite the fact that on the stage she was known as " Mary Newcomb." The fact that the account was in the name of *"Mrs. Robert Edeson"* and that Robert Edeson was the name of the defendant's husband does not carry to my mind the conviction or the inference that the plaintiff intended to look to the defendant's husband for the payment of the bill rather than to the defendant herself. The use of the prefix " Mrs." clearly indicates the charge to the defendant and not to her husband, and the use of the husband's given name of " Robert " when prefixed by " Mrs." clearly conveys the idea that the wife and not the husband is the party referred to.

On the evidence presented in this case, it seems to me that only one finding is possible, and that is that the defendant is liable.

Judgment is accordingly given for the plaintiff for $970.50, representing the sum claimed, with interest.