**Anne EDMONDS, Appellant,**

v.

**Herman EDMONDS, Appellee.**

No. 2190.

Municipal Court of Appeals for the District of Columbia.

Argued July 21, 1958.

Decided Dec. 12, 1958.

William W. Pavis, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellant.

Robert H. Cooke, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is the first appeal brought under the Uniform Reciprocal Enforcement of Support Act as adopted in the District of Columbia July 10, 1957. Code 1951, § 11–1601 et seq. (Supp. VI).

Pursuant to the provisions of a similar act in Virginia,[1] plaintiff filed a petition in the Juvenile and Domestic Relations Court in Danville of the initiating state to compel support for her two minor children.[2] The certified petition was then

---

1. Code of Virginia 1950, § 20–88.12 et seq.

2. Although the original petition alleged that support was sought for both the wife and children, all other forms filed in behalf of plaintiff, either by her own attorney in Virginia or the Corporation

transmitted to the District of Columbia as responding state where her husband now resides. In accordance with Rule 18(b) (1) of the Domestic Relations Branch here, an order was issued directing defendant to appear and show cause why he should not be required to contribute the support sought in the petition. Defendant moved to vacate the show cause order and a hearing ensued. The husband admitted the marriage and paternity, but defended on the ground that the wife had voluntarily removed herself and the children from the family domicile. Shortly thereafter, he came to the District and his further attempts to effect a reconciliation were unsuccessful. At the conclusion of the hearing, the court ruled there was no duty on the part of the defendant to render the support demanded. The order to show cause was discharged and the petition dismissed. A motion for new trial made by the Corporation Counsel, representing plaintiff, was denied and this appeal followed.

■ Code 1951, § 11–1604 (Supp. VI) provides:

> "Duties of support enforcible under this chapter are those imposed under the laws of any State in which the defendant was present during the period for which support is sought, or in which the dependent was present when the failure to support commenced or where the dependent is when the failure to support continues. The defendant shall be presumed to have been present in the responding State during the period for which support is sought until otherwise shown."

Since leaving Virginia in 1949 defendant has continuously resided in this city. The law controlling therefore in this instance is that of the District.

■ It has long been the established rule of this jurisdiction that the duty of a father to support his minor children is a duty imposed by law as distinguished from simply a moral obligation. See *e. g.* Holtzman v. Castleman, 1876, 2 MacArthur 555; Maschauer v. Downs, 1923, 53 App.D.C. 142, 289 F. 540, 32 A.L.R. 1461, citing Dunbar v. Dunbar, 1903, 190 U.S. 340, 23 S.Ct. 757, 47 L.Ed. 1084; Emrich v. McNeil, 1942, 75 U.S.App.D.C. 307, 126 F.2d 841, 146 A.L.R. 1146; Schneider v. Schneider, 1944, 78 U.S.App.D.C. 383, 141 F.2d 542.[3] The single issue presented in this appeal is whether the misconduct of a wife will relieve her husband of his legal obligation to support their minor children.

The problem received partial recognition more than sixty years ago in Carey v. Carey, 1896, 8 App.D.C. 528, 531, where a husband refused to support his family because the wife's misconduct caused their separation. Speaking of the duty to support his wife and children, the court said:

> "* * * That is a duty which the law imposes upon him; and the law does not recognize violent temper or violent and unreasonable action on the part of the appellee [the wife] as dispensing him from the performance of that duty. *Least of all can this duty be pretermitted with regard to the helpless children of this unfortunate alliance.* * * *" (Emphasis supplied.)

Several years later in Wedderburn v. Wedderburn, 1917, 46 App.D.C. 149, the court refused to bar a maintenance award for a child although the wife had deserted the husband, taking the child with her. And

Counsel, clearly reveal that the proceedings were instituted solely to secure support for the children. These forms include an in forma pauperis affidavit, plaintiff's reply, and an affidavit accompanying her motion for a new trial, prepared by private counsel. No issue has been raised in this appeal as to support for the wife.

3. See also Code 1951, § 16–415.

in Maschauer v. Downs, supra, 53 App.D.C. at page 145, 289 F. at page 543, the court said:

> " * * * We do not think the conduct of the mother, if improper, should be charged to them [the children]. * * *"

A stronger statement appears in Howard v. Howard, 1944, 72 App.D.C. 145, 147, 112 F.2d 44, 45–46, where the appellate court reversed, with respect to the child, a lower court ruling which had denied maintenance to both the wife and child. After first pointing out that a child's claim for maintenance is not subsidiary to that of the mother, the court stated:

> " * * * This child's claim to paternal support, unlike the claim of the wife, is not affected by the merits of controversies, however serious, between the spouses. Also, unlike the wife, this child has no income in his own right. From the papers filed by the parties, it is clear that the defendant is able to contribute to the support of the child, whereas the plaintiff's income alone is scarcely adequate to support herself and the child. *In such a case we think the defendant's obligation to contribute to the support of the child is unqualified,* if the child in question is issue of his marriage with the plaintiff." (Emphasis supplied.)

See also the thorough treatment of the problem in Bartlett v. Bartlett, 1954, 94 U.S.App.D.C. 190, 221 F.2d 508. Through all of these cases runs a common theme: the welfare of the child should not be prejudiced by the delictum of a parent. While it is true that the matter of a child's support is entrusted to the discretion of the trial court, the controlling factor should be the child's welfare. Bartlett v. Bartlett, supra; Warner v. Warner, 1928, 58 App. D.C. 34, 24 F.2d 609.

The instant case presents a far more serious situation than that in Howard. The children here are eight and nine years old. The mother is unemployed and with the children lives at the home of her mother. It would appear from the record that the children are destitute and that the father could provide for them to some extent, although his wages are relatively small. To deny the children support, we think, was an abuse of discretion.

Reversed with instructions to grant reasonable support for the children.