# DOBBINS *v.* THOMAS.

SEVENTY-THIRD RULE; AFFIDAVITS OF DEFENSE; CONTRACTS; MARRIED WOMEN; NECESSARIES.

1. Where a declaration consists of the ordinary common counts for goods sold and delivered, *quære,* whether a supporting affidavit is sufficient which sets up a specific contract of sale at agreed prices, and does not attempt to support the common counts.

2. It is the well-settled construction of the 73d rule of the lower court that, while the affidavit of the plaintiff, which would deprive the defendant of his right to trial by jury, is to be construed with some strictness, that of the defendant must be accorded a fairly liberal interpretation. All that is required is that the facts alleged shall be sufficient to indicate a substantial legal defense made in good faith. (Following *Cropley* v. *Vogeler,* 2 App. D. C. 28; *Bailey* v. *District of Columbia,* 4 App. D. C. 356; *Lawrence* v. *Hammond,* 4 App. D. C. 467; *Pumphrey* v. *Bogan,* 8 App. D. C. 449; *Strauss* v. *Hensey,* 7 App. D. C. 289, 36 L. R. A. 92; *St. Clair* v. *Conlon,* 12 App. D. C. 161; *Magruder* v. *Schley,* 17 App. D. C. 227; *Brown* v. *Ohio Nat. Bank,* 18 App. D. C. 598; and *Consumers' Brewing Co.* v. *Tobin,* 19 App. D. C. 353.)

3. A contract made by a married woman for the exchange of real estate and for the purchase of personal property must, under D. C. Code, section 1156 [31 Stat. at L. 1374, chap. 854], be deemed to have been made with reference to her separate estate, there being no contrary intent expressed; and she may, under section 1155 [31 Stat. at L. 1374, chap. 854], be sued separately thereon.

4. The provision of D. C. Code, section 1177 [31 Stat. at L. 1377, chap. 854], that the husband shall not be relieved from liability for necessaries contracted for by his wife, does not operate to relieve the wife from liability for necessaries contracted for independently of her hus-

band, but merely retains the common-law liability of the husband as an additional security for the benefit of the other contracting party.

No. 1540.   Submitted October 10, 1905.   Decided November 8, 1905.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia entered under the 73d rule of that court for want of a sufficient affidavit of defense.                                                    *Reversed.*

The COURT in the opinion stated the case as follows:

This is an appeal from a judgment entered in an action of assumpsit under the 73d rule of the supreme court of the District of Columbia. The declaration of the plaintiff, Frank H. Thomas, in the general common counts, claimed of the defendant, Mary A. Dobbins, a married woman, the sum of $296.83. The bill of particulars accompanying the declaration recites a number of items of household furniture and supplies of the aggregate value of 433.83, and gives a credit for similar articles received of the aggregate value of $137, leaving the balance above stated. It also recites that this is the amount due from the defendant "in connection with the trading or exchanging of a certain house on Highland avenue, Cleveland park, District of Columbia, and contents, belonging to said Frank H. Thomas, for a certain house, No. 3200 Thirteenth street, N. W., this city, and contents, belonging to said Mary A. Dobbins."

The affidavit on which the motion for judgment was founded contains the formal averments required by the rule, and further states substantially that on July 28, 1903, the plaintiff was the owner of an equity of redemption in the lot and improvements in Cleveland park, together with certain contents as set forth in the bill of particulars aforesaid. That on the same day, the defendant, a married woman, was the owner of the equity of redemption in the house No. 3200 Thirteenth street, N. W., aforesaid, together with certain furnishings, as recited in the credits given in said bill of particulars. That for some time prior to June 28, 1903, the parties were engaged in negotiating

an exchange of their respective properties.   That an exchange
was made on said date, and, "as part and parcel of the same trans-
action," plaintiff "agreed to sell and deliver to said defendant
the articles of personal property contained in his said house,"
as recited, and at the prices named in the bill of particulars.
That, "as part of the same transaction," defendant "agreed to,
and did, sell and deliver" to the plaintiff the said article con-
tained in her house at the prices named in said bill of particu-
lars.   That an adjustment was had upon said exchange of
houses and personal property, and it was agreed that the amount
fixed as the value of defendant's personal property, aforesaid,
namely, $137, should be deducted from the price agreed to be
paid plaintiff for his said property, namely $433.83, and that
the balance, namely, $296.83, should be paid by defendant in
cash.   That defendant has frequently admitted said indebted-
ness, but, though often demanded, has refused to pay, etc.

Defendant filed the following affidavit in reply:

"I, Mary A. Dobbins, being first duly sworn according to
law, say that I am the person named as defendant in the fore-
going declaration in the suit of Frank H. Thomas against me,
and known as law case 47,377.   That I have a good defense to
said suit, which is as follows:

"1st. I did not purchase or exchange any goods or property
with the said plaintiff, other than to exchange a certain dwelling
house situated on the northwest corner of Thirteenth and Ken-
yon streets, Columbia Heights, which house I exchanged for the
property in which I now reside in Cleveland park.   That said
exchange was made through a real-estate agent, and affiant did
not deal with the plaintiff, directly or indirectly, in any other
matter than the exchange of the real estate mentioned, nor did
she authorize anyone to do so.

"Affiant says that the goods taken in exchange, and men-
tioned in the bill of particulars as having been received from
her in exchange for the goods charged against her, did not
belong to her.   That she had no dealings whatever with the
plaintiff, and is not indebted to the plaintiff in any sum what-
ever.

"The defendant says further that the differences in the real estate were not adjusted by the price·of the articles named, and had no relation thereto. That the exchange of said real estate had nothing whatever to do with the personal property which is the basis of the plaintiff's action. That she does not owe him anything. That the plaintiff has never made any demand for such sum of her, nor did he ever render her any statement or account of the transaction referred to until the filing of this suit, and she was surprised to learn that he meant to make claim against her for the amount."

*Mr. Leo Simmons* for the appellant.

*Messrs. Cole & Donaldson* and *Mr. E. W. Parker* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. It is questionable if the plaintiff's supporting affidavit was itself sufficient to entitle him to the judgment entered. The declaration does not set out a contract of sale and express promise to pay the prices claimed for the articles in the bill of particulars, but consists of the ordinary common counts for goods sold and received, etc. The affidavit, on the other hand, sets up a specific contract of sale at agreed prices, and does not attempt to support the common counts. This question was not raised on the trial, and we need not decide it, because the judgment must be reversed on another ground, and it may not again recur.

2. It is the well-settled construction of the 73d rule that, while the affidavit of the plaintiff, which would deprive the defendant of his right to trial by jury, is to be construed with some strictness, that of the defendant must be accorded a fairly liberal interpretation. *Bailey* v. *District of Columbia,* 4 App. D. C. 356, 370; *Lawrence* v. *Hammond,* 4 App. D. C. 467, 474; *St. Clair* v. *Conlon,* 12 App. D. C. 161, 163; *Strauss* v. *Hensey,*

7 App. D. C. 289, 294, 36 L. R. A. 92. As was said by Chief Justice Alvey in the case last cited: "The court cannot question or traverse the truth of the facts stated in the defendant's affidavit. Those facts the court is bound, for the purposes of securing to the defendant the right of trial, to assume as true, and that, too, without reference to what the plaintiff may have stated in his affidavit. If the facts stated by the defendant, by any reasonable or fair construction, will constitute a defense to the action or claim of the plaintiff within the scope of the pleas pleaded, it is the absolute constitutional right of the defendant to have that defense regularly tried and determined in due course of judicial investigation. No rule, however beneficial it may be thought to be as means of preventing the use of sham or feigned defenses, or desirable for the expedition of business, can deprive the defendant of this right." All that is required is that the facts alleged shall be sufficient to indicate a substantial legal defense made in good faith. *Cropley* v. *Vogeler,* 2 App. D. C. 28, 32; *Pumphrey* v. *Bogan,* 8 App. D. C. 449, 451; *St. Clair* v. *Conlon,* 12 App. D. C. 161, 163; *Magruder* v. *Schley,* 17 App. D. C. 227, 231; *Brown* v. *Ohio Nat. Bank,* 18 App. D. C. 598, 606; *Consumers' Brewing Co.* v. *Tobin,* 19 App. D. C. 353, 356.

Tested by the foregoing principles, the defendant's affidavit contains a sufficiently distinct denial of the contract set up in the plaintiff's affidavit to entitle her to a trial of the issues in regular course, and the court erred in entering the judgment on the motion of the plaintiff.

3. The contention upon which the appellant apparently rested her case in the court below, and which has been chiefly relied on in the argument, is that, being a married woman at the time of the alleged contract, she cannot be held liable thereon.

Section 1151 of the Code [31 Stat. at L. 1373, chap. 854] declares that all the property belonging to a woman at the time of her marriage, and all that she may acquire thereafter by purchase, gift, grant, devise, bequest, descent, in the course of distribution, by her own skill, labor, or personal exertions, or as proceeds of a judgment at law, or a decree in equity, or in any

other manner, shall be her own property as absolutely as if she were unmarried, shall be protected from the debts of the husband, and shall not in any way be liable for the payment thereof: Provided, that no acquisition passing from the husband shall be valid if made or granted in prejudice of the rights of his subsisting creditors.

Upon the face of the record, the property received by the plaintiff from the defendant belonged absolutely to her, and that delivered by him to her in exchange became her property also.

Section 1155 [31 Stat. at L. 1374, chap. 854] confers upon married women the power to engage in business, to make contracts; and provides that they may sue and be sued separately thereon as if they were unmarried. In case of judgments against them, execution may issue as if they were unmarried. And the husband is exempted from liability upon any contract made by his wife in her own name and upon her own responsibility. Section 1156 [31 Stat. at L. 1374, chap. 854] provides that "every contract made by a married woman, which she has the power to make, shall be deemed to be made with reference to her estate which is made her separate estate by this chapter, and also her equitable separate estate, if any she has, as a source of credit to the extent of her power over the same, unless the contrary intent is expressed in the contract."

The contract alleged was one clearly within the power of the defendant, though a married woman, to make. It must be deemed to have been made with reference to her separate estate, there being no contrary intent expressed. She is therefore liable to be sued separately thereon, and, in case of judgment against her, to have execution issue as if she were unmarried.

Notwithstanding these conclusions, it is further contended on behalf of the appellant that she is relieved from liability on the contract in question by the provisions of section 1177, which reads as follows: "Nothing in this chapter shall be construed to relieve the husband from liability for the debts, contracts, or engagements which the wife may incur or enter into upon the credit of her husband, or as his agent, or for necessaries for

herself, or for his or their children; but, as to all such cases, his liability shall be or continue as at common law." [31 Stat. at L. 1377, chap. 854.]

The court was right in denying this contention. There is nothing to indicate that the contract was entered into upon the credit of the husband, or as his agent; indeed, the wife has denied entering into any contract at all. Nor was it made affirmatively to appear that the items of personal property claimed to have been sold and delivered to the wife were necessaries for herself, or for his or their children. But she cannot relieve herself of liability by hereafter showing that the articles were in fact necessaries. Section 1177 [31 Stat. at L. 1377, chap. 854] does not undertake to provide that she shall not render herself liable for necessaries when contracted for independently of her husband and with reference to her separate estate, but merely that, in such cases, the husband shall not be relieved of any liability therefor that he may be under by virtue of the common law.

It does not substitute the common-law liability of the husband for that of the wife, but retains it as an additional security for the benefit of the other contracting party.

For the error committed as hereinabove pointed out, in respect to the general sufficiency of the defendant's affidavit, the judgment will be reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.                                             *Reversed.*