### JOERISSEN v. REMINGTON RAND, Inc., et al.

### No. 6855.

United States Court of Appeals for the District of Columbia.

Decided July 11, 1938.

Hugh H. Obear, Arlon V. Cushman, and Gorham F. Freer, all of Washington, D. C., for appellant.

Theodore A. Hostetler, of Washington, D. C., and Edwin T. Bean and Richard W. Treverton, both of Buffalo, N. Y., for appellees.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This suit involves patents for "noiseless" typewriters. It charges infringement by Remington Rand, Inc., of claims 23 to 28, inclusive, of reissue patent 19,076, granted to plaintiff Carl A. Joerissen February 13, 1934. The original patent, 1,846,339, was granted February 23, 1932, on an application filed March 26, 1926. The District Court found that there was no infringement, and plaintiff appeals from a decree dismissing his bill. Claim 23, the broadest of those in suit, reads:

"In a typewriter, a type bar pivoted for an upward and rearward operative swing, a toggle comprising two pivotally connected members of which one has a pivotal connection with the type bar, a swingable link portion having a pivotal connection with the other of said toggle members, said link portion being swingable downwardly from its normal position of rest and rearwardly, a key bar operable to move the toggle members from a normally collapsed downwardly extending position to a relatively straightened position and to impart to the type bar a terminally checked throw to a position slightly in advance of striking position, and means thereupon effective to operatively swing said link portion to complete the stroke of the type bar through said toggle."

The accused machines are made under patent 1,908,140, which was issued to G. G. Going on May 9, 1936 and embodies improvements over 1,471,152 and 1,471,153, issued to Going on October 16, 1923. Defendant and its predecessor, The Noiseless Typewriter Company, have been making and marketing noiseless machines, under

patents of Going and others, for many years. On the other hand, plaintiff has never built a complete machine embodying the claims in suit. He produced in court a model of a single type bar and its actuating apparatus.

The principle of "noiseless" typewriters, which is old, consists in reducing the speed of the type bar before it strikes the platen. In plaintiff's model, as slow-moving pictures showed, the type bar is brought to a full stop before it reaches the platen, and subsequent manual pressure on the key is required in order to complete the printing stroke. In other words, the operator of a machine made on plaintiff's principle, if there were such a machine, would have to apply to a key a briefly protracted pressure (or else two distinct pressures) in order to make the key print. What is true of plaintiff's model is true of the claims in suit. Plaintiff claims a key bar operable "to impart to the type bar a terminally checked throw to a position slightly in advance of striking position, and means thereupon effective to operatively swing said link portion to complete the stroke." This clearly implies that there is "a position" which is critical, in the sense that the type bar comes to rest there, and that "thereupon" a new impetus is "operatively" imparted to it. That the type bar in plaintiff's patent is momentarily stopped, "for a split second rested," before it reaches the platen, appears from the testimony of plaintiff's expert, Mason. Plaintiff's original application was rejected on defendant's prior Going patent 1,471,153, and plaintiff thereupon amended his application to make clear this "radical difference in operation" between his device and the patent previously issued to Going, that the Going patent "may be considered to slow up movement of the type carrier, but does not positively check it prior to coming into printing relation to the platen." Plaintiff's reply brief and a later memorandum, without questioning that a full stop and a new impulse occur in the operation of plaintiff's model, assert that an actual arrest is not an essential feature of plaintiff's claims. The record justifies, if it does not require, a contrary conclusion. In a memorandum filed by plaintiff's counsel it is conceded that plaintiff uses "a follow through stroke." This is not a concession that the operation of plaintiff's claim requires a full stop of the type bar, but it appears to be a concession that it requires a continued manual pressure upon the key.

In the accused machine, on the other hand, as in the earlier Going patent, there is no stop of the type bar on its way to the platen. Its movement is sharply decelerated, but not stopped; a sort of slug, known as a momentum accumulator, keeps it in continuous motion until it strikes and prints. Accordingly, the manual pressure of the operator upon a key of defendant's machine need not be protracted even for the briefest instant, ·to cause the type to print; one single touch upon the key, occupying the briefest possible moment of time, is sufficient. Plaintiff does not dispute the fact that there is no stop, and no new impulse, in defendant's operation. He does not suggest that defendant uses a "follow through stroke." As defendant's type bar never comes to rest until it strikes the platen, and never in its entire trajectory receives a new and distinct impetus, it is not within defendant's claim of a "terminally checked throw to a position slightly in advance of striking position, and means thereupon effective to operatively swing said link portion to complete the stroke."

Again, in plaintiff's claim, the toggle is said to be "relatively straightened" before the stroke of the type bar to the platen is completed. Plaintiff's expert Mason testified that it is "actually in a straight line, and the term 'relatively straightened' must refer to that condition." In the accused device, on the other hand, the toggle is not straightened until the type strikes the platen.

The essential difference between plaintiff's claim and the accused device is not so much in the full stop of plaintiff's type bar, which is proved but not conceded, as in a related phenomenon, viz., the protracted pressure upon ·plaintiff's key, which is undisputed and appears to be conceded. In the operation of a typewriter, a touch is essentially different from, and superior to, a thrust. We think it is clear that defendant's machine does not infringe plaintiff's patent. "Devices in a patented machine are different in the sense of the patent law when they perform different functions or in a different way, or produce a substantially different result." Union Paper Bag Machine Company v. Murphy, 97 U.S. 120, 125, 24 L.Ed. 935. As there is no infringement, we need not consider defendant's contentions that plaintiff's patent is void for inoperativeness, lack of utility, and insufficient disclosure.

Affirmed.