STEIN v. WOODWARD & LOTHROP.

STEIN v. FRANK R. JELLEFF, Inc.

Nos. 992, 993.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 20, 1950.

Decided Dec. 19, 1950.

Albert Brick, Washington, D. C., with whom Everett M. Raffel, Washington, D. C., was on the brief, for appellant.

Cornelius H. Doherty, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant Louis Stein was codefendant with his wife, Rose Stein, in actions on

behalf of two department stores for goods and merchandise sold to the wife between October of 1947 and March of 1948. They were separate actions, consolidated by consent and tried together by the court without a jury. Judgments by default were entered against Rose Stein. The husband contested the claims and appeals from judgments entered against him.

Louis and Rose Stein were married in April 1946. They had no children. They lived in an apartment in Washington until early September 1947, when they journeyed to Florida. Mr. Stein was retired and, due to ill health, sought out the possibilities of buying a home there, staying meantime in a hotel. A few weeks later, however, Mrs. Stein boarded a plane and returned to the Washington apartment. Her plane fare back was paid by her husband. There was conflicting testimony as to Mrs. Stein's reasons for returning. She testified that she was ill and that she was returning to Washington with the understanding that her husband would soon follow. The husband testified that her sole reason for returning was her wish to be near her son of a former marriage who lived here. The testimony is equally conflicting as to whether he asked her to return to him in Florida, or whether he told her she could stay up here if she wished and look to her own support.

In any event, when she returned to Washington in late September, her husband sent her two $25 checks and paid the rent on the apartment for October only. Other than these sums, he admittedly refused her further support. In late October and early November of 1947, Mrs. Stein opened charge accounts with appellees in the name of "Mrs. Louis Stein." She testified that she told the credit departments of the two stores that she was a housewife and unemployed. Credit was extended and immediately Mrs. Stein began making purchases on the accounts. She bought wearing apparel, food, and household furnishings. That the purchases were frequent and extensive from October to March is evidenced by the final bills which are the subject of these suits: $594.17 was charged at one store and $456.50 at the other. The appellant husband was never notified by the stores of the opening of these accounts. On November 7, 1947, Mrs. Stein filed suit for maintenance in the District Court, but it was not until April 16, 1948, that such maintenance was allowed.

■ Appellant's assignments of error are threefold. He contends, first, that the trial court erred in finding that the appellees extended credit to him when they permitted these charge accounts to be opened and charges made; that the appellees had the burden of proving that credit was so extended and that the evidence failed to sustain this burden. In Maschauer v. Downs, 53 App.D.C. 142, 289 F. 540, 542, 32 A.L.R. 1461, the rule was laid down that "where a person is justified in supplying the wife with necessaries, the credit must be extended to the husband, not to the wife, and the burden of showing that it was extended to him rests upon the party furnishing the necessaries." However, the court went on to say further that direct proof that the necessaries were so furnished is not essential. The circumstances under which they were supplied may be sufficient to establish that credit. In this case, the charge accounts with appellees were opened in the name of "Mrs. Louis Stein," not Mrs. Rose Stein. Mrs. Stein informed the stores that she was a housewife and unemployed.

■ In Dobbins v. Thomas, 26 App. D.C. 157, the court in construing Section 1177 of the 1901 Code [1] (Married Woman's Act for the District of Columbia) held that this section did not substitute common law liability of the husband for that of the wife but retained it as an additional security for the benefit of the other contracting party.

1. Now Code 1940, § 30—211. This section provides that "Nothing in this chapter shall be construed to relieve the husband from liability for the debts, contracts, or engagements which the wife may incur or enter into upon the credit of her husband, or as his agent, or for necessaries for herself or for his or their children; but as to all such cases his liability shall be or continue as at common law."

566 ■ 

This is so even though there may be situations in which the wife can render herself liable for necessaries when contracted independently of her husband. Whether the store extended credit to the husband is a question of fact.[2] We think the evidence was sufficient to sustain the trial court's finding that credit was extended to the husband.

■■ Appellant's second assignment of error is that the trial court erred in finding that the husband was responsible for the cost of these goods as necessaries because the parties were living apart at the time, and the evidence did not sustain a finding that such separation was either by mutual consent of the parties or was caused by the fault of the husband. Appellant again relies on Maschauer v. Downs, supra, where it was held that "where the wife deserts the husband, the burden is upon those who seek to recover for necessaries furnished to her to allege and prove either that she lived apart from him by mutual consent, or that the separation was occasioned by the fault or misconduct of the husband." In that case it appeared that the parties were living separate and apart by reason of the misconduct of the wife. At the trial of this case only the husband and wife testified. Their testimony was conflicting on many points. We think ultimately it was a question to be decided by the trier of the facts who listened to the witnesses and judged their demeanor. The lower court decided in favor of the plaintiff. Whether the separation was by mutual consent or by the fault of the husband, we do not have to decide because in either case where he fails to make reasonable allowance for his wife's support he will be liable for a reasonable amount of necessaries.[3]

■ Defendant's third assignment of error is that the trial court erred in finding that the goods furnished were necessaries. In looking over the many items purchased by the wife, we note that all purchases consisted of either clothing, food, or household furnishings. While the clothing was plentiful, there were no fur coats or other very expensive items, and the largest—each less than $100—were for a piece of kitchen equipment and a radio. In addition there were such items as ham, bacon and chicken. The purchases were many and perhaps were to some degree extravagant, but in judging the reasonableness of necessaries furnished the wife a court takes into consideration the financial position of the husband. The wife testified her husband was worth about $200,000 and, while he stated his worth at a lower figure, other evidence showed his expenditures before the separation were on a generous scale and that he was a man of some means. Again, we think it was a question for the trial court to decide as to the nature of the items purchased and the reasonableness of their value. The husband would not be bound on the theory of necessaries if he had made a reasonable allowance to his wife and duly paid it. We find no error.

Affirmed.

2. See Ford v. S. Kann Sons Co., Inc., D. C.Mun.App., 76 A.2d 358, —— W.L.R. ——.

3. Saks v. Huddleston, 59 App.D.C. 133, 36 F.2d 537.