James S. RICHARDS, Appellant,

v.

Harry KAPLAN and Louis Milobsky,
Appellees.

No. 2158.

Municipal Court of Appeals for the
District of Columbia.

Argued March 31, 1958.

Decided July 11, 1958.

Rehearing Denied July 24, 1958.

Lola Boswell, Washington, D. C., for appellant.

John T. Reges, Washington, D. C., for appellees. Samuel C. Klein, Washington, D. C., also entered an appearance for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

This appeal by a husband involves the question of his liability for dental services furnished his wife. From a review of the pleadings and brief statement of proceedings and evidence, the factual situation appears as follows. Appellant and his wife reside in New York but he makes frequent business trips to Washington and his wife often accompanies him. She was having extensive dental work done by a Washington dentist, Dr. Birthright, and he referred her to appellees, who are also dentists, for certain special work. This work was done and a charge of $100 made therefor. The wife did not pay the bill and appellees brought this action for that amount against the husband alone and they were awarded judgment.

At trial it was stipulated that the quality of the work and the reasonableness of the charge were not in issue; that dental services are properly classified as necessaries; and that the only issue was the legal liability of the husband. Appellees apparently rested their case on this stipulation and presented no testimony. The wife was not present at trial. The husband testified that he gave his wife a monthly allowance of $600 for household expenses, including

rent, and additional amounts when necessary; that he had given his wife extra money to pay Dr. Birthright for his services but had not given her the money to pay appellees because she had taken the position that nothing was due them.

 Our question is whether the trial court was correct in awarding judgment against the husband. As we pointed out in Ford v. S. Kann Sons Co., D.C.Mun. App., 76 A.2d 358, a husband's liability for obligations incurred by his wife may arise in two situations. One is when the wife has express or apparent authority to pledge her husband's credit; the second arises when the husband neglects, fails or refuses to furnish her with necessaries and they are supplied to her by a third person.

Appellees make no claim they extended credit to the husband on the basis of the wife's express or apparent authority to pledge his credit; and indeed they could make no such claim because as far as the record discloses they performed the services without even knowing she had a husband to whom they could look for payment.

Appellees base their claim squarely on the proposition asserted in their brief that a husband "is liable for the necessaries contracted for independently by his wife." This proposition is stated too broadly. It fails to recognize the qualification that the husband's liability arises only when he has failed, neglected or refused to supply those necessaries. The rule is stated in Restatement, Restitution, § 113, in the following manner:

> "A person who has performed the noncontractual duty of another by supplying a third person with necessaries which in violation of such duty the other had failed to supply, although acting without the other's knowledge or consent, is entitled to restitution therefor from the other if he acted unofficiously and with intent to charge therefor."

Here there is absolutely no showing that the husband ever neglected or failed to provide his wife with the necessaries or even luxuries of life. He refused to pay appellees' bill, but he did that because she denied owing it; and the inference is that he would have furnished her with money to pay the bill had she requested it. His refusal to pay the bill because his wife did not wish it paid cannot be construed as a refusal by him to supply her with a necessary.

On the record before us we must hold there was no showing of liability on the part of the husband.

Reversed.