**HOLLYWOOD CREDIT CLOTHING CO., Inc., a corporation, Appellant,**

v.

**Gerard F. LAREDO, Appellee.**

No. 2212.

Municipal Court of Appeals for the District of Columbia.

Argued July 14, 1958.

Decided Aug. 22, 1958.

---

2. The rule thus stated has been held inapplicable to the owner of rural lands.

Chambers v. Whelen, 4 Cir., 44 F.2d 340, 72 A.L.R. 611.

Irwin S. Landau, Washington, D. C., with whom Norman Baum, Washington, D. C., was on the brief, for appellant.

No appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

The question is whether a merchant produced sufficient evidence to create liability on the part of a husband for merchandise sold to his wife. The suit was filed against both husband and wife, and default judgment was taken against the wife. The husband contested the claim, and as to him there was a trial, resulting in finding in his favor, entered at the end of plaintiff's case.

According to the very brief statement of evidence,[1] this was plaintiff's case: The wife, called as plaintiff's witness, identified a sales contract bearing her signature, "Mrs. Mary V. Laredo," and testified that she was married to the male defendant. This was the full extent of her testimony. Plaintiff's collection manager testified to only one thing: that the original ledger card showed a balance due on the account. The sales contract signed by the wife listed some seven articles of apparel. It contained nothing to indicate that credit was being extended to the husband, though there was a notation as to his name and employment. The ledger card showed an account opened in the sole name of Mrs. Laredo.

We hold that the trial court was right in ruling that plaintiff failed to establish a prima facie case against the husband. We know of no case where such flimsy evidence has been held sufficient.

Quite recently we had occasion to repeat the established rule that liability of a husband for obligations incurred by his wife may arise in two situations:

"One is when the wife has express or apparent authority to pledge her husband's credit; the second arises when the husband neglects, fails or refuses to furnish her with necessaries and they are supplied to her by a third person."

Richards v. Kaplan, D.C.Mun.App., 143 A.2d 511, 512. Neither of these situations is even suggested by the scanty evidence on which plaintiff relied. Plaintiff made no attempt to show that the wife had any authority, express or implied, to pledge her husband's credit or, if the merchandise was to be considered necessaries, that credit was extended to the husband. Thus plaintiff failed in the burden which rests on a merchant in a case of this kind. See Stein v. Woodward & Lothrop, D.C.Mun.App., 77 A.2d 564.

Affirmed.

---

1. In the brief on appeal there are various assertions of fact which do not appear in the record, and these we ignore.