Oliver V. CROMWELL, Appellant,

v.

ANDERSON FURNITURE CO.,
a corporation, Appellee.

No. 3315.

District of Columbia Court of Appeals.

Argued Oct. 7, 1963.

Decided Nov. 20, 1963.

---

William J. Fitzgerald, Washington, D. C., with whom Dennis Collins, Washington, D. C., was on the brief, for appellant.

Albert Ginsberg, Washington, D. C., with whom Joseph H. Schneider and Herbert D.

Horowitz, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

The question presented is whether there is sufficient evidence to sustain a finding charging the husband with liability for furniture sold to his wife. The suit was brought against both husband and wife and a default judgment was taken against the wife. The husband contested the claim and he appeals from an adverse trial finding.

The husband's liability for obligations incurred by his wife may arise in two situations:

"* * * One is when the wife has express or apparent authority to pledge her husband's credit; the second arises when the husband neglects, fails or refuses to furnish her with necessaries and they are supplied to her by a third person."[1]

The burden of showing that credit was extended to the husband is upon the person furnishing the necessaries.[2]

At trial only two witnesses testified, appellant and appellee's credit manager. Their testimony showed that the wife made two separate purchases, the first occurring on October 27, 1961, and the second on May 29, 1962. Each purchase was in excess of $500, and both were made on conditional sales contracts signed solely by the wife. At the time of the first purchase the wife was employed and her credit application listed her employer's name, as well as that of appellant's. Appellee's credit manager testified the couple's employment status was verified. Nevertheless, appellee never informed appellant of its intention to hold him liable for the purchases prior to the time payments were discontinued. Appellant

---

1. Richards v. Kaplan, D.C.Mun.App., 143 A.2d 511, 512 (1958).

2. Stein v. Woodward & Lothrop, D.C.Mun. App., 77 A.2d 564, 565 (1950).

testified that he did not consent to the purchases, that he made none of the payments, that there was adequate furniture in the home to provide for the needs of his family, and that he never received a bill from appellee. He stated that his wife was in the hospital, no longer employed, and that her unemployment was the principal reason appellee looked to him for payment.

■ We have said that the existence of express or apparent authority on the part of the wife to pledge her husband's credit is a question of fact.[3] Nevertheless, in the case at bar there was insufficient evidence to sustain a finding against appellant. Appellant denied authorizing the purchases, making any of the payments, or receiving the bills. While he signed a receipt for the furniture involved in the second purchase, he did so only after the driver assured him that his signature acknowledged delivery and not liability.

■ Appellee's principal contention is that the articles supplied were necessaries. As part of the record appellee has introduced the file in a domestic relations proceeding between appellant and the wife. The file contains an order dated May 24, 1962, finding that appellant had failed to support his four children and directing him to pay thirty dollars a week for their support. Appellee contends that this order conclusively establishes appellant's failure to supply necessaries for his family. The rule, however, is that the husband's obligation arises when he has neglected or failed to furnish the *particular* necessaries which the third party has in fact supplied. Therefore, as a prerequisite to liability, it must be shown that the articles supplied were necessaries and this, in turn, is determined by examining the circumstances of each case. Here there was no evidence that appellant failed to supply adequate furniture for his family's needs. If anything, there was evidence to the contrary as appellant

testified that furniture he had purchased for the family was now in storage in the basement.

We have carefully reviewed the record and hold the evidence was insufficient to support the finding that the wife's purchases constituted necessaries.[4]

Reversed with instructions to enter judgment for appellant.

---

3. Ford v. S. Kann Sons Co., D.C.Mun.App., 76 A.2d 358, 359 (1950).

4. Compare Hollywood Credit Clothing Co. v. Laredo, D.C.Mun.App., 144 A.2d 271 (1958).